Walter L. Sessions, Appellant, v. Washington Palmeter and Another, Respondents.

*Attorney and client — when an attorney's services are substantially performed — compensation — when oral evidence of the contents of letters is admissible, after a demand to produce them.*

An attorney, employed for the purpose of contesting the probate of a will, appeared before a surrogate whose practice it was to prepare and record his own decrees.

*Held,* that after the submission of the evidence to the surrogate, and before his decision was rendered and a decree was made, the services of the attorney were substantially performed.

Assuming the rule to be that an attorney who is retained generally to conduct a legal proceeding enters into a contract to conduct the proceeding to its termination, and that he cannot abandon the service of his client without justifiable cause and reasonable notice, it does not follow that he is not entitled to compensation from time to time for the services rendered, in the absence of an agreement fixing a definite sum as his compensation for conducting the proceedings to their termination.

Where a notice was served upon an attorney, who appeared before a justice of the peace and swore that he was authorized to appear for the defendants in an action, giving him notice to produce a certain letter upon the trial thereof, and upon such trial the production of such letter was demanded and refused, the party demanding the production of such letter is, under the circumstances, authorized to give oral evidence as to its contents.

Appeal by the plaintiff, Walter L. Sessions, from a judgment of the County Court of Chautauqua county in favor of the defendants, entered in the office of the clerk of the county of Chautauqua on the 23d day of August, 1893, reversing the judgment of a justice of the peace.

*Walter L. Sessions,* appellant, in person.

*A. Hazeltine,* for the respondents.

HAIGHT, J. :

The defendant Jane Palmeter was a sister and heir at law of Alice G. Bentley, deceased, and as such contested the admission of her will to probate before the surrogate of Chautauqua county. The plaintiff was employed by defendants to conduct such contest.

The evidence tends to show that he was employed by both of the defendants, who are husband and wife, and a case was prepared, tried and submitted to the surrogate upon written briefs. Thereupon the plaintiff rendered a bill for his services, in which he charged them $125, and inclosed a note for that amount which he requested them to sign and return, stating that they could get the note extended if they so desired; that they did not return the note or afterwards call upon him until a week before this action was brought, at which time Mrs. Palmeter called upon him at his office and said that she did not wish to give a note ; that he thereupon said to her that he should be in his office on Thursday of the next week, and that he wanted her to come in and fix the matter up at that time ; that she found no fault with the amount of the claim, but didn't come at the time fixed, and that no portion of his claim has been paid.

The defense was that the claim was not due and that the plaintiff had agreed to charge nothing in case the contest was not successful. The surrogate had not, at the time of the trial, rendered his decision, and no decree upon the contest had been entered by him. The jury rendered a verdict in favor of the plaintiff for the sum of $100, thus disposing of the controverted question of fact in the case.

The County Court reversed the judgment upon the ground that the plaintiff's employment was not terminated until the decision of the surrogate and the decree was entered thereon. It was the duty of the surrogate to make and file in his office his decision, in writing, in which he must state separately the facts found and the conclusions of law. (Code Civ. Proc. § 2545.) He is also required to keep a book in his office in which he must record his decrees. (§ 2498.) It is the usual practice for him to prepare and record his own decrees. The plaintiff's services were, therefore, substantially performed at the time he rendered his bill.

But assuming the rule to be that an attorney who is retained generally to conduct a legal proceeding enters into a contract to conduct the proceeding to its termination, that he cannot abandon the service of his client without justifiable cause and reasonable notice, it does not follow that he is not entitled to compensation from time to time for the services rendered, unless, by the agreement a sum has been fixed for conducting the proceedings to the termination. In *Tenny* v. *Berger* (93 N. Y. 524–529) EARL, J., in delivering the opinion of the court, says: "If the client refuses to advance money to pay the expenses of the litigation, or if he unreasonably refuses to advance money during the progress of a long litigation to his attorney to apply upon his compensation, sufficient cause may thus be furnished to justify the attorney in withdrawing from the service of his client."

The plaintiff's claim is upon *quantum meruit* and is prosecuted upon the theory that no express agreement was made as to the compensation that should be paid for his services. There was no evidence that he had abandoned his client's case. He had performed all the services he could render down to the time of the entering of the decree. He had rendered his bill for such services and no objection had been made thereto as to the amount or to the effect that it was not due at the time the action was brought. We think, therefore, that under the circumstances his judgment should have been permitted to stand.

Upon the trial an exception was taken as to the admission of oral evidence of the contents of the letter sent to the defendants in which he rendered his bill. It appears that Mr. Hazeltine appeared for the defendants before the justice and made oath that he was authorized to appear for them; that thereupon notice was served upon him to produce the letter upon the trial. Upon the trial the plaintiff demanded the production of this letter, which was refused. We think that this was sufficient to authorize the giving of oral evidence as to its contents.

The judgment of the County Court should be reversed, with costs, and that of the justice affirmed.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment of the County Court of Chautauqua county appealed from reversed, with costs, and that of the Justice's Court affirmed.