ALONZO C. PICKARD, Appellant, v. ADAM V. PICKARD, Respondent.

*Duty of entering judgment devolves upon the successful party — an attorney enters into an entire contract to conduct his client's case to its termination — he is entitled to demand advances for expenses and compensation — a refusal to pay them justifies his withdrawal from the case.*

The duty of entering judgment in an action devolves upon the attorney for the successful party.

An attorney, who is retained generally to conduct a legal proceeding, enters into an entire contract to conduct the proceeding to its termination, and he cannot abandon the service of his client without justifiable cause and only upon reasonable notice. If his compensation is stipulated and he, without just cause, abandons his client before the proceeding, for which he was retained, has been conducted to its termination, he forfeits his right to payment for services rendered.

If the value of an attorney's services has not been agreed upon, but he is merely retained in a case upon the implied understanding that he shall have what his services are fairly and reasonably worth, the attorney may properly ask from time to time for advances with which to pay the expenses of the litigation and to apply upon his services, and if the client unreasonably refuses to advance money for such purposes in a reasonable amount during the progress of a long litigation, sufficient cause may be furnished to justify the attorney in withdrawing from the service of his client.

APPEAL by the plaintiff, Alonzo C. Pickard, from a judgment of the County Court of Chautauqua county in favor of the defendant, entered in the office of the clerk of the county of Chautauqua on the 12th day of June, 1893, upon the verdict of a jury, and also from the order denying the plaintiff's motion for a new trial.

*A. C. Wade,* for the appellant.

*Obed Edson,* for the respondent.

HAIGHT, J.:

This action was brought to recover for services rendered and disbursements made by the plaintiff as the attorney for the defendant. The answer alleged negligence in the performance of the services; that they had not been fully performed, and set up a counterclaim. The counterclaim to the extent of forty-five dollars and thirty-five cents was admitted.

Upon the trial the plaintiff showed that he was an attorney and counselor in this court, and that he had been retained by the defendant to prosecute an action in the County Court of Chautauqua county upon an appeal from a justice's judgment, in which the defendant in this action was plaintiff and one Norman Strong was defendant; that he appeared in such action, prepared the case for trial, put it upon the calendar and conducted the case upon the trial, and that it resulted in a nonsuit. Thereupon the plaintiff told the defendant that he knew he was right; that he would make a motion for a new trial on the judge's minutes, and, if the judge decided against him, take an appeal to the General Term, and if he did not succeed in getting the case back upon the calendar he would not charge anything for what he should do in the matter, and the defendant then told him to go on and do it. In that conversation it appears there was nothing said about the plaintiff's pay for what had been done. The plaintiff thereupon procured a stay for sixty days and made a motion before the judge for a new trial, but, in consequence of adjournments agreed to by counsel, the motion had not been argued when this action was brought. It also appeared that one Johnson V. Goodwill and another brought an action in the Supreme Court against the defendant, and this plaintiff was employed to defend him in such action, and that there was another action brought in the Supreme Court by the defendant against one Jeffords and another, which the plaintiff, as attorney for this defendant, prosecuted. These cases were referred to a referee and tried. In one this defendant was beaten, and in the other he was successful.

It also appeared that the plaintiff had performed other services for the defendant in drawing papers, and that he had made some disbursements in the prosecution and defense of the actions above referred to. After the trial of the two actions before the referee, they were summed up by counsel, and after this plaintiff had

finished, he testifies that he told the defendant that he wanted some money, and asked him if he would not pay him some or give him a note. The defendant then answered, saying that he would be in Jamestown the next Tuesday, and would come in and settle with him; he said he had the money and would rather pay the money than give a note. The plaintiff further testified that on the Tuesday following the defendant came to Jamestown, but did not come near him; that thereupon he wrote him a letter, and after writing the letter the defendant again came to Jamestown to a Mr. Green's office, who called the plaintiff up through the telephone; that Green did the principal talking, but the plaintiff knew that the defendant was there at the time, because he could hear him speaking to Green, and could distinguish his voice. Green wanted to know how much the plaintiff claimed the defendant owed him; that he answered he had not figured it up, but would do so at any time; that Green then wanted to know how much he would take, and the witness answered him. Finally, Green said: " Vernet, meaning the defendant, says he don't owe you anything and shan't pay you anything." The plaintiff further testified that he thereafter told the defendant that he should do nothing more in the cases. On his cross-examination he stated that he might be mistaken in regard to the time the conversation took place, but that he thought not; that it was arranged that the stenographer's minutes should be procured and submitted to the referee, and that the conversation might have occurred before such minutes were delivered. He also gave evidence as to the value of his services.

At the conclusion of the plaintiff's evidence the defendant's counsel asked the court to direct a verdict in favor of the defendant for ten dollars as an affirmative judgment. This motion was granted, and an exception was taken thereto by the plaintiff. It is evident that the trial court, in reaching this result, must have allowed certain items to the plaintiff and deducted the amount thereof from so much of defendant's counterclaim as was admitted. It does not, however, appear that the court allowed anything for the services rendered by the plaintiff in the three actions above mentioned. In the first, as we have seen, the plaintiff had prosecuted the same through the trial and had been unsuccessful. The duty of entering judgment did not devolve upon him, but upon the successful party.

His services as to that case had been fully completed under the original retainer. True, he then entered into an agreement with the defendant for a new trial, and, if necessary, to prosecute the case on an appeal to the General Term, but that was under a separate and distinct arrangement. As to the other actions, his services may not have been fully performed when this action was brought. He had, however, tried them, summed them up, and submitted them to the referee for decision. It was then that the conversation took place already related in reference to his having some money, and in which the defendant appears to have repudiated the plaintiff's claim and refused to pay him anything. The question is thus presented as to whether the plaintiff was justified in abandoning the cases and insisting upon his payment in full for the services rendered.

An attorney who is retained generally to conduct a legal proceeding doubtless enters into an entire contract to conduct the proceeding to its termination, and he cannot abandon the service of his client without justifiable cause and only upon reasonable notice. If his compensation is stipulated, and he, without just cause, abandons his client before the proceeding, for which he was retained, has been conducted to its termination, he forfeits his right to payment for services rendered. If the value of his services has not been agreed upon, but he is merely retained in a case upon the implied understanding that he shall have what his services are fairly and reasonably worth, the attorney may properly ask from time to time for advances with which to pay the expenses of the litigation and to apply upon his services, and if the client unreasonably refuses to advance money for such purposes in a reasonable amount during the progress of a long litigation, sufficient cause may be furnished to justify the attorney in withdrawing from the service of his client. (See *Tenney* v. *Berger*, 93 N. Y. 524–529 ; *Sessions* v. *Palmeter*, 26 N. Y. Supp. 1076.) Applying this rule to the facts under consideration, it appears to us that the trial court could not properly say, as a matter of law, that the plaintiff's request for money, under the circumstances, was unreasonable, and that the jury might have found from the evidence that the language in which the defendant repudiated his claim and refused to pay him anything, furnished sufficient grounds for him to consider his services as an attorney for the defendant terminated.

Upon a retrial it may turn out that the plaintiff's services were so negligently performed as to be without value, but this branch of the defense is not now before us. It is true that the plaintiff subsequently entered judgment in the action in which he was successful, but this appears to have been under an express arrangement between the parties made after this action was brought.

The judgment should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment of the County Court of Chautauqua county appealed from reversed and new trial granted, with costs to abide the event.