MAX C. DEGEN, Appellant, *v.* MEIER STEINBRINK and ALEXANDER MCKINNY, Respondents.

First Department, July 3, 1919.

**Statute of Frauds — contract not to be performed within one year — contract of employment of attorney for indefinite period — pleading — answer — amendment — action against attorney for misfeasance — amendment setting up technical defense — frivolous defense — order permitting amendment reversed.**

A contract of employment of an attorney at law to render professional services for an indefinite period is not within the Statute of Frauds requiring a contract which by its terms is not to be performed within one year to be in writing, as such an agreement requires the utmost good faith and diligence on one side and a high degree of faith and confidence on the other. The client has always been held to have the right to terminate the employment at any time with or without cause.

While the courts are generally liberal in allowing amendments to pleadings, yet when an attorney who is being sued for misfeasance or malfeasance in the course of his employment as an attorney, attempts to set up by way of amendment a technical defense to his client's cause of action, the court

should give careful consideration and see whether there is any substance to the defense, and only exercise its discretion in furtherance of justice.

An attorney in such an action should not be permitted to set up by way of amendment to his answer the defense that the contract was within the Statute of Frauds as it is clearly frivolous, and, though it might be stricken out on demurrer, it should not receive even the scanty recognition of a permission by the court for its incorporation into the pleadings; an order permitting such an amendment should be reversed.

DOWLING, J., dissented.

APPEAL by the plaintiff, Max C. Degen, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of April, 1919, granting defendants' motion to be allowed to serve an amended answer.

*Cornelius J. Sullivan, Jr.,* of counsel [*Eidlitz & Hulse,* attorneys], for the appellant.

*Frank E. Johnson, Jr.,* for the respondents.

PAGE, J.:

The complaint alleges that Levy Brothers agreed to loan to an express company the sum of $15,000 and to extend credit to it in the sum of $5,000, and that Silas W. Stein guaranteed the payment of the said $20,000 to Levy Brothers; that the loan was to be secured by three chattel mortgages covering personal property of the express company in New York, New Jersey and Connecticut. Silas W. Stein, it is alleged, in October, 1913, employed the defendants, who are attorneys at law, for fees duly paid therefor to draft the chattel mortgages and all other papers and agreements relating to said transaction and to file and refile the chattel mortgage in accordance with law and to advise him with reference to his rights and obligations in the transaction; that in consideration of the premises and of the fees duly paid to them, the defendants undertook and agreed to render such services to Silas W. Stein and promised him to use due care and diligence and to exercise proper skill in advising the said Silas W. Stein with reference to his rights and interests in connection with the aforesaid transactions and in drafting the chattel mortgages and agreed to attend to the filing and refiling of said chattel mortgages in accordance with the requirements of law, and to do all things required to be done as such attorneys to

preserve the lien and security of said chattel mortgages and to safeguard the rights and interests of Silas W. Stein in connection with said transaction; that Stein did all things required of him to be done and performed by said contract of employment; that the defendants drafted the chattel mortgages and various instruments and agreements, and undertook and agreed to file the mortgages in the appropriate public offices and to refile the same when and as required by law; that in December, 1915, the said express company was adjudicated a bankrupt and Levy Brothers asserted in said bankruptcy proceedings their claim against the bankrupt estate as secured creditors; that in the said proceedings an agreement was made that the chattels covered by said mortgages be sold, and the lien thereof be transferred to the fund; that on the sale there was realized the sum of $15,194.58, and that it was thereafter adjudged that the said three chattel mortgages were invalid and insufficient to sustain a lien upon said fund for the following reasons:

(1) That the laws of the State of Connecticut authorize the giving of a chattel mortgage upon only a limited class of property, in the statutes clearly defined, among which the property described in the mortgage given by the express company was not included; (2) that in refiling the chattel mortgage in the office of the register of New York county the defendants negligently failed to place upon the copy the number and date of filing of the original mortgage as required by the laws of the State of New York; (3) in drafting the acknowledgment to the chattel mortgage to be filed in New Jersey the defendants negligently failed to use the proper form of acknowledgment required by the express language of the statutes of that State.

That by reason of the foregoing Levy Brothers were deprived of the benefit and security of said mortgages and called upon Silas W. Stein pursuant to his agreement of guaranty to pay, and he duly paid to them the full sum of $20,000; that if the lien of the chattel mortgages had been held valid Levy Brothers would have received a dividend from said bankrupt estate of $367.61 in addition to the amount of the fund, making the total amount that they would have received $15,562.19, whereas the actual amount recovered on their

claim was $6,852.42, leaving a difference of $8,709.77, which sum, together with certain expenses of litigating the question of the validity of the chattel mortgages the plaintiff alleges as the damages of Silas W. Stein. The claim and cause of action were assigned by Stein to the plaintiff.

The defendants deny the allegations with reference to the bankruptcy proceedings and the amount paid therein to Levy Brothers on their claim, and deny all other allegations of the complaint and plead the Statute of Limitations as a separate defense. One year after the answer was served the defendants moved to be allowed to amend their answer by alleging as a second separate defense that the alleged agreement between plaintiff and defendants set forth in the complaint, by its terms was not to be performed within a year from the making thereof, and neither that agreement nor any note or memorandum thereof was ever made in writing and subscribed by the defendants or either of them or by their lawful agent. The motion was granted.

The appellant urges laches and full knowledge of the facts when the original answer was served, as the grounds for reversal. In our opinion there is a more substantial ground than that assigned by counsel. The facts stated do not constitute a defense. The agreement alleged in the complaint between the defendants and the plaintiff's assignor was not for any definite period of time, and, therefore, if we should treat this as an ordinary contract of employment, it would be a contract of employment beginning immediately and of indefinite duration, and hence not within the Statute of Frauds, because it is terminable at will and hence is susceptible of being performed within a year from the time of its inception. But this is not an ordinary agreement of employment. It is an agreement of employment of attorneys to render professional services. As such an agreement requires the utmost good faith and diligence on one side and a high degree of faith and confidence on the other, the client has always been held to have the right to terminate the employment at any time with or without cause. In its very essence it is a contract terminable at will and hence has never been considered to be within the contracts that are required to be in writing.

While the courts are liberal in allowing amendments so that litigants may put their pleadings in such form as they desire and ordinarily will not closely scrutinize, on a motion for leave to amend, the sufficiency of a proposed amendment, yet when an attorney is being sued for damages arising from his misfeasance or malfeasance in the course of his employment as an attorney and attempts to set up by way of amendment a technical defense to his client's cause of action the court should give careful consideration and see whether there is any substance to the defense and only exercise its discretion in furtherance of justice.

In our opinion an attorney should not be permitted to plead such a clearly frivolous defense, for although it might be stricken out or eliminated on demurrer, it should not receive even the scanty recognition of a permission by the court for its incorporation into the pleadings.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH and PHILBIN, JJ., concurred; DOWLING, J., dissented upon the authority of *Muller* v. *City of Philadelphia* (113 App. Div. 92).

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.