## First Department, May, 1920.[*]

Abner Greenberg, Appellant, *v.* Jerome H. Remick & Company, Respondent.

*Appeal — attorney and client — arbitrary termination of contract of employment for fixed period — appeal to Court of Appeals allowed.*

Motion for leave to appeal to the Court of Appeals.

Per Curiam: In this action, plaintiff, an attorney at law, entered into an agreement with the defendant to perform legal services for the defendant for one year at a compensation of $5,200, payable $100 weekly. This contract was made on the 21st day of April, 1919. On the 27th day of September, 1919, the defendant discharged the plaintiff, having paid him at the rate of $100 a week for the full time, up to the time of his discharge. The action is brought by the attorney to recover the balance due for the year, to wit, $2,900. The demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action and that demurrer has been sustained. This court deemed that the question of law involved had been decided in this State by the cases of *Degen* v. *Steinbrink* (188 App. Div. 622); *Johnson* v. *Ravitch* (113 id. 810); *Martin* v. *Camp* (219 N. Y. 170); *Tenney* v. *Berger* (93 id. 529); *Matter of Dunn* (205 id. 402), and *Andrewes* v. *Haas* (214 id. 255). The plaintiff asks to be allowed to appeal to the Court of Appeals upon the ground that in none of the cases cited was the question involved as to the right of a client to arbitrarily terminate a contract where the employment was for a fixed period, and not in reference to any particular litigation. It is further urged that there are many attorneys who are under annual retainers in similar cases and that the question is of such general importance that the specific question arising should be determined by the Court of Appeals. We are of opinion that the question presented has such a general interest as to justify this application and the motion should be granted and the question certified whether the complaint states facts sufficient to constitute a cause of action. Present — Clarke, P. J., Laughlin, Dowling, Page and Greenbaum, JJ. Motion for leave to appeal to the Court of Appeals granted; question certified.

---

[*] See *ante*, p. 909.— [Rep.