Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 This is a motion, on behalf of the’attorney for the defendant in error, to restore the cause on the docket,’ which has been dismissed upon a stipulation of a settlement between the parties. • The judgment was for the defendant Jerome, in the court below, for costs of-suit, upon which the plaintiff lookout
 
 *385
 
 a writ of error. The attorney claims that he had a lien on the judgment for his costs.
 

 It is quite clear that he can have no lien for any costs in this court, as none have been recovered against the plaintiff in error. The suit is still pending; andas to the question of the dismissal of the writ, the court looks no farther than to see that the application for the dismissal is made by the competent parties, which are usually the parties to the record. bTo doubt, if either party had assigned his interest to a' third person, by which such third person had become possessed of the beneficial interest, and the party to the record merely nominal, the court would protect such interest, and give him the control of the suit. As in the present case, if the application had been made by the insolvent assignee of Jerome, and he had shown that he had succeeded to the interest of the insolvent, the court might protect his rights.
 

 The attorney, however, even if he has a lien on the judg ment, according to the course of proceedings in the court where, it was recovered, stands in a different situation. He is net; a* party to the suit, nor does he stand in the place of the party in interest, He is in no way responsible for the costs, off the proceedings, and to permit him to control them would;, in effect, be compelling the client to carry on the litigation-at-his. own expense, simply for the contingent benefit of the attorney.-
 

 Ve think, therefore, that this cause has been dismissed-from the docket by the competent parties, for aught that appears before us, and that the motion to restore it should he-denied.