RITZ, Appellant, v. CARPENTER, Respondent.

(178 N. W. 877.)

(File No. 4688. Opinion filed July 30, 1920. Rehearing denied November 6, 1920.)

1. **Attorney and Client—Compensation—Retainer Re Preliminary Hearing And On Trial—Subsequent Contract Re Trial, For Exorbitant Fee, Without Advising Client of Attorney's Relations, Unconscionable Contract, Void, Inadmissibility Of—Previous Payment Full Compensation.**

Where an attorney, under a retainer to appear for client in defending him on preliminary hearing of prosecution for crime, and to defend him on subsequent trial, was paid $250. prior to hearing, client claiming it was to cover compensation for all services performed at both preliminary hearing and the trial; and thereafter and while relation of attorney and client continued, a contract between them was executed for payment of a further sum of $7500. without advice by attorney that the said relation existed, the attorney claiming that the further fee was not merely for further services, but also for the ignominy that would rest upon himself for defending the case, owing to nature of the charge, yet the evidence showing he, by having already appeared in court, had made his said relation public, his further services thereafter having been unknown to the public; client, upon discovery of the fraud, having discharged the attorney before the trial; held, the contract was clearly exorbitant, unconscionable and void, and inadmissible in evidence under an answer in a suit to recover back the $7500., which answer al-

leged that the $7500. was paid pursuant to contract and with full knowledge and consent of client; evidence showing the $7500. was part of the sum originally deposited in lieu of bail and came into attorney's hands through substitution of a subsequent bond; that the $250 was full compensation for all services performed.

2.  Attorney and Client—Compensation, Contract For—Discharge Without Cause While Acting Under Contract, Right To Compensation For Future Services, Erroneous Instruction Re—Right to Discharge, Rule Re—Attorneys' Measure of Damages.

   In a suit to recover back an alleged exorbitant fee paid plaintiff's attorney, held, an instruction that if attorney was discharged without cause while acting under his contract for fees, he would be entitled to a fee to which he would have been entitled had he been permitted to complete his services in the case, was erroneous; since such discharge does not constitute breach of contract, it being a term thereof, implied from peculiar personal and confidential relationship thus established, that client may terminate contract at any time with or without cause, therefore he is not liable in damages for such discharge; while the attorney thus discharged, may recover reasonable value of services already rendered.

3.  Attorney and Client—Compensation, Reasonable Value, Jury's Right to Consider Valid Contract.

   In a suit to recover back an alleged exorbitant attorney's fee, jury may, in determining what, as contemplated by parties, was reasonable value of services performed under contract, consider the contract, if it was a valid one.

Appeal from Circuit Court, Codington County. Hon. William N. Skinner, Judge.

Action by Jacob Ritz against Clay Carpenter, to recover back an alleged exorbitant sum of money paid as an attorney's fee. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*Sherin & Sherin,* for Appellant.
*McFarland & Kremer,* for Respondent.

(1)  To point one of the opinion; Appellant cited: Boyle v. Waters, (Mich.) 173 N. W. 519.

(2)  To point two Respondent cited: Brodie v. Watkins, 33 Ark. 545, 34 Am. Rep. 49; Note to Martin v. Camp, L. R. A. 1917 F. 407; Scheinesohn v. Lemonek, 84 Ohio St. 424, 24 Ann. Cas. 1912 C. 740; Webb v. Trescony, 76 Cal. 621, 18 Pac. 796.

WHITING, J. Plaintiff alleged in substance: That he had employed defendant to act as his attorney in the defense of a criminal charge preferred against him in federal court; that under the contract of employment defendant was to receive the sum of $250 in full consideration of his services, both at the preliminary hearing and at the trial, if one should thereafter be held; that the $250 was paid prior to the preliminary hearing; that defendant appeared for him at the preliminary hearing; that defendant afterwards, through fraudulent schemes, obtained the further sum of $7,500 of moneys belonging to plaintiff, and which sum he claimed to hold as further attorney fees; that, upon discovery of the fraud that had been perpetrated upon him, plaintiff discharged defendant prior to trial; and that the value of the services actually rendered did not exceed $50. Plaintiff sought judgment for $7,700 and interest.

Defendant, answering, alleged that plaintiff "engaged the defendant * * * as an attorney to defend him on said charge"; that when plaintiff so engaged him he paid "the agreed sum of * * * $250 for the appearance of defendant * * * before the United States commissioner at the preliminary hearing, * * * and thereafter upon the investigation of the facts of said case, and by agreement in writing * * * the plaintiff * * * employed the defendant * * * to defend him at his trial, * * * and did then and there agree in writing * * * that he would pay to defendant the sum of * * * $7,500 for such services." Defendant alleged that, with the full knowledge and consent of plaintff he received from plaintiff the said $7,500 and that he had at all times and now stood ready to carry out his contract.

Verdict and judgment were for defendant and from the judgment and an order denying a new trial this appeal was taken.

[1] Plaintiff contended upon the trial that, even though it should be found that the $250 was to cover only the services rendered at the preliminary hearing and that thereafter a contract for the payment of the further sum of $7,500 was entered into that such further contract was entered into when the relation of attorney and client already existed between the parties, and that there was no such showing of the fairness of such contract or such showing that plaintiff had received such advice as to his rights growing out of the already existing relation of attorney and client as

would support the validity of such later contract. In line with such contention, plaintiff, when the written contract pleaded by defendant was offered in evidence, objected to the same on the above ground, which objection was overruled, and the exhibit received. Afterwards, in instructing the jury, the court submitted to it the question of whether the relation of attorney and client did exist between the parties when the alleged contract for $7,500 was entered into, if it found such a contract was entered into. There was no evidence warranting the receipt of the written contract in evidence. While it is true that, because of the verdict of the jury, the evidence must, upon this appeal, be construed most favorably for defendant, and, in case of conflict, such conflict must be resolved in favor of defendant, yet this rule cannot avail defendant anything.

It matters not whether the $250 was merely the compensation for defendant's appearance as attorney at the preliminary hearing, or was to be received in full for such appearance and for services prior to and at the anticipated trial; there is absolutely no dispute but that, as alleged in defendant's answer, defendant was retained "as an attorney to defend" plaintiff. There is no evidence showing that anything was said by either party that would indicate that it was understood that the defendant was retained only to appear before the commissioner and that at the close of such appearance he would cease to be plaintiff's attorney. Such a contract would be so unusual as to require most satisfactory proof that it was entered into. Upon the other hand, it might well be that these parties agreed as to the compensation for this particular service—appearing at the preliminary hearing—and left the matter of compensation for later services to be thereafter determined; but this fact would not indicate that defendant ceased to be attorney for plaintiff when such hearing terminated, and, under the evidence of defendant himself, it is perfectly clear that, from the time he was first retained until he was finally discharged, his employment contemplated his appearance upon the trial if one was had. He testified that he took his own stenographer to the preliminary hearing to take the evidence and to transcribe same; that after the government rested plaintiff waived further hearing; that plaintiff was bound over; that on the same day plaintiff came to his office to talk over the facts of the

case; that he came every day immediately thereafter. Yet he claimed that it was some four days before any agreement as to the $7,500 fee was entered into, and that such agreement was not reduced to writing for over a month after the preliminary hearing, and he claims that during that time he was performing services as attorney for plaintiff. Defendant admitted that, while negotiating the agreement for the $7,500 fee, he never advised plaintiff of his rights in relation to contracting with one already his attorney; he admitted that the basis for his charge of the $7,500 fee—a fee that is too clearly exorbitant to admit of argumen as to its reasonableness—was not merely the services contemplated, but the ignominy that would rest upon himself for defending plaintiff owing to the nature of the charge. The undisputed facts of this case rendered the contract for a fee of $7,500 absolutely void under the ruling of this court in Egan v. Burnight, 34 S. D. 473, 149 N. W. 176, Ann. Cas. 1917A, 539. The trial court should have excluded the exhibit offered, and, moreover, should have directed the jury, if it believed defendant's story, to find for the plaintiff in the sum of $7,500; there being no evidence from which it could find the quantum meruit of the services performed by defendant.

[2] What we have said above requires the reversal of the case; but, inasmuch as another question raised on this appeal might be presented on another trial, we will consider it. The trial court instructed the jury as follows:

"If you find that the defendant attorney was discharged without cause while acting under his contract, he would be entitled to retain the amount to which he would have been entitled, had his client allowed him to complete the services which he had commenced to perform."

This instruction was excepted to. Such instruction was erroneous. It would place the relationship of attorney and client on no higher plane than that of principal and agent, or that of master and servant. We agree fully with the holding and the reasoning of the court in Lawler v. Dunn (Minn.) 176 N. W. 989, and Martin v. Camp, 219 N. Y. 170, 114 N. E. 46, L. R. A. 1917F, 402. In the latter case, it was said:

"The discharge of the attorney by his client does not constitute a breach of the contract, because it is a term of such con-

tract, implied from the peculiar relationship which the contract calls into existence, that the client may terminate the contract at any time with or without cause. *.* * And it follows from this rule, by necessary implication, that if the client has the right to terminate the contract he cannot be made liable in damages for doing that which under the contract he has a right to do. * * * The rule secures to the attorney the right to recover the reasonable value of the services which he has rendered, and is well calculated to promote public confidence in the members of an honorable profession, whose relation to their clients is personal and confidential."

[3] A jury may well consider the contract—if a valid one is in existence—in determining what, as contemplated by the parties themselves, would be the reasonable value of services rendered. That the rules should be as held in the above cases, rather than as declared by the court in its instructions, is made clear by the facts of this case. Defendant excuses the exorbitant fee claimed upon the ground, not of the value of services to be rendered, but of the ignominy his appearing for plaintiff might bring upon himself. When this fee was first agreed upon, if it ever was, defendant had already appeared in court as plaintiff's attorney. The fact that he had so acted for one charge with this particular offense was thus a matter of public record and clearly of local notoriety. We fail to see where an ignominy, the suffering of which could be recompensed by a paltry $250 already received with full knowledge of the nature of the charge against plaintiff, could become a proper basis for any material part of a fee of $7,500 to be earned after defendant had already taken upon himself the ignominy resulting from appearing on behalf of plaintiff. But if the fear of such ignominy could ever be a proper basis for an attorney fee otherwise unconscionable, a point we do not decide, a party should not retain the money received as such compensation where, as in this case, after the preliminary hearing for which, and for the ignominy resulting from which, he had received full compensation, the only services performed by such attorney were services not known to the public generally, and consisting almost entirely in the procurement of a bond which might be filed in the federal court in place of and to release a cash bond theretofore put up by plaintiff; one

of the two admitted purposes of such new bond being to get the cash relieved, so that defendant might, as he did, get it as a part of his claimed fees. If, under such facts, and where there is no evidence of any services, other than those of nominal value, having been performed after defendant had been paid in full for previous services, defendant could yet legally retain the full $7,500 simply because he was unjustly discharged, then that goddess before whose throne the world has worshipped so long is no more entitled to our devotion, because that blindness that gave to her that wonderful name, Justice, has become an insuperable obstacle to the discharge of her high mission—it has rendered her unable to recognize Wrong, even though it stands forth in shameless nakedness.

The judgment and order appealed from are reversed.