MARÍA R. MARTÍNEZ, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, DOMINGO SEPÚLVEDA, JUDGE, Respondent.

No. 543.   Argued December 6, 1926.—Decided January 17, 1927.

*Lucien Longchamps* for the petitioner.   *Juan B. Soto* for intervenor Méndez Vaz.

MR. JUSTICE WOLF delivered the opinion of the court.

María R. Martínez began a suit against Juan Suárez Pérez for seduction under promise of marriage. The suit was brought by Luis Méndez Vaz as her attorney. Subsequently María R. Martínez, it appears, tried to dismiss the action and out of court instructed her attorney, Luis Méndez Vaz, to dismiss it.   As he did not do so she prepared a motion to that effect to be presented in court and employed another attorney solely for the purpose of dismissing the action and, as it also appears, not for a continuation of the same.   When the motion for a dismissal and the naming of a' new attorney were notified to Mr. Luis Méndez Vaz he came

into court and stated that the complainant had given him the representation of the case in an unrevocable manner and had bound herself further to take no steps, judicial or extra-judicial, without his intervention; that the complainant at no time revoked the authority which she had given to her attorney of record in the case, nor had she paid him his fees, and that what she was trying to do was to deprive him of his rights, conspiring to this effect with the defendant, and that for that reason the court was prayed to suspend any action until the motion was discussed.

With the exception of certain unsworn and otherwise unproved statements of the said attorney of record, Mr. Luis Méndez Vaz, there was nothing in the record by affidavit or otherwise tending to show a conspiracy between the complainant and defendant in the original case. The court below was bound to presume that the desire for dismissal on the part of the complainant was genuine.

The motion came on to be discussed and the court made an order granting the motion of the complainant in the following terms: "The court orders and decrees that Luis Méndez Vaz should cease as attorney of the complainant María R. Martínez in the present suit, but at the same time orders and decrees that this order should not take effect until the complainant, María R. Martínez, shall have paid to her attorney, Luis Méndez Vaz, his fees due for his work in the said case." María R. Martínez then applied for and obtained a certiorari from this court.

From the decision in *In re Paschal*, 10 Wall. 483, one can see that in earlier times it was doubted whether the court could at any time control the financial relation of attorney and client, but would leave the attorney who had a claim against his client to an action for his fees. The Supreme Court of the United States in that case took an advanced position in favor of the protection of attorneys and required

the state of Texas to take care of a previous attorney before substituting another.

The Supreme Court of the United States and numerous other courts will protect the rights of an attorney to obtain compensation from his client in the same suit, provided certain *contingencies* exist. One of these is a continuance of the same suit and the desire of the client to substitute another attorney. *The Flush,* 277 Fed. 25, 28; *The Johnson Lighterage Co.,* 240 Fed. 446, and cases; *Kellogg* v. *Winchell,* 273 Fed. 745, 16 A.L.R. 1159; *Everett, Etc.,* v. *Alpha Portland Cement Co.,* 225 Fed. 939; and other cases cited by respondent. Another is where a definite fund or *res* is created whereby the attorney, by contract or otherwise, had acquired an interest. *Barnes* v. *Alexander,* 232 U. S. 121; *Ingersoll* v. *Coran,* 211 U. S. 368, citing *Walker* v. *Brown,* 165 U.S. 654, and other cases cited by the respondent attorney. And still another is a collusion or a conspiracy between the complainant and defendant in the original suit to deprive the attorney of his due compensation. If the attorney can not bring himself within any exception the right of a client to terminate his relations with his attorney is unquestioned, and this without making any compensation in the suit itself in which it is proposed to terminate the relation. *Platt* v. *Jerome,* 19 How. 384; *Martin* v. *Camp,* 219 N. Y. 170, 114 N E. 46, L.R.A. 1917 F. 402, and note; *Ritz* v. *Carpenter,* 43 S. D. 236, 178 N. W. 877, 19 A.L.R. 840, where the court quoted from *Martin* v. *Camp, supra,* as follows:

"The discharge of the attorney by his client does not constitute a breach of the contract, because it is a term of such contract, implied from the peculiar relationship which the contract calls into existence, that the client may terminate the contract at any time with or without cause." 2 R.C.L. 957.

Whether we have covered all of the exceptions or not, the fact remains that in no case that we have found is a client bound to respect the claims of his attorney where the sole

desire of the client is to end the action. *Interest rei publicae ut finis litium sit.*

The rule being more or less as we have indicated, the burden is clearly upon the attorney where he charges a conspiracy to show it. In the absence of such a showing the rule invoked by María R. Martínez must prevail. We do not want to be understood as saying that even if there had been a settlement between the parties in this case, whereby the complainant María R. Martínez had derived some advantage, the case would come within one of the exceptions. A settlement of this kind would not necessarily be a conspiracy. Again, whether we are right about this or not, an attorney who relies upon a supposed conspiracy to defraud him of his rights must make a clear showing to that effect.

Therefore, so much of the order of November 1, 1926, which made the dismissal conditioned upon the payment of the attorney fees, must be annulled and the action dismissed.

Mr. Justice Hutchison took no part in the decision of this case.