SUTHERLAND TENNEY, Respondent, *v.* MARY A. BERGER, Appellant.

An attorney, retained generally to conduct a legal proceeding, enters into an entire contract to conduct the proceeding to its termination, and if, before such termination, he abandon the service of his client without justifiable cause and reasonable notice, he cannot recover for the services he has rendered.

The employment, however, by the client, without the consent of, or consultation with the attorney, of a counsel with whom the attorney's relations are such that they cannot cordially co-operate, is a justifiable cause for his withdrawal from the case, and upon such withdrawal the client is liable for services rendered.

Error in receiving evidence objected to, which is entirely immaterial and

which could not have prejudiced the party objecting, is not a ground of reversal.

(Argued October 5, 1883; decided October 23, 1883.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 5, 1881, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 16 J. & S. 11.)

The nature of the action and the material facts are stated in the opinion.

*Scott Lord* for appellant. It was not necessary for the respondent to formally consent to carry on the revived proceeding upon the agreed basis; the presumption is that he did. (*Sleeper* v. *Van Middlesworth*, 4 Denio, 431.) In the progress of litigation, the attorney acts under one employment, by his retainer in a cause he is employed to pursue the litigation until the cause is ended. (*Davis* v. *Smith*, 48 Vt. 54; *Bathgate* v. *Haskins*, 59 N. Y. 535; Angell on Limitations, § 120 [6th ed.]; *Mygatt* v. *Wilcox*, 45 N. Y. 309, 2 Greenleaf on Evidence, § 142; *C. & St. L. R. R. Co.* v. *Koerner*, 3 Bradwell, 250; *Mordecai* v. *Solomon*, Sayer's King's Bench Reports, 173; *Menzier* v. *Rodrigues*, 1 Price's Exch. 92; *Stokes* v. *Trumper*, 2 K. & J. 248; *Creswell* v. *Byron*, 14 Ves. 272; 2 Dowling [N. S.], 1032, 1033; *Harris* v. *Osbourn*, 2 C. & M. 632; *Whitehead* v. *Lord*, 11 Eng. L. & Eq. 589; Weeks on Attorneys, §§ 255, 316; *Wadsworth* v. *Marshall*, 2 C. & J. 665–6.) The employment of counsel by the client, without consulting the attorney, gives the latter no lawful cause for abandoning the case. (*Matter of Bleakley*, 5 Paige, 313; Weeks on Attorneys, § 246; *Dwight* v. *Dada*, 12 N. Y. Week. Dig. 302; *Paddock* v. *Colby*, 18 Vt. 488; *Willard* v. *Danville*, 44 id. 97; *Briggs* v. *Town of Georgia*, 10 id. 68; *Easton* v. *Smith*, 1 E. D. Smith, 320; *Cook* v. *Ritter*, 4 id. 253; *Voorhis* v. *Harrison*, 22 La. Ann. 85.) Among the reasons held sufficient for an attorney to abandon a case is the insolvency of the client, his refusal to furnish necessary funds, the imprisonment of the attorney, or

his insanity or disbarment. ( *Vansandan* v. *Browne*, 9 Bing. 402–407 ; Weeks on Attorneys, §§ 255–6, 316 ; *Williams* v. *Jones*, 2 Q. B. [N. S.] 276 ; *Harris* v. *Osbourn*, 4 Tyrw. 446.)

*John Lindley* for respondent. The authority of an attorney at law is always *ipso facto*, and by operation of law, annulled by the entry of a judgment against his client. (Coke's 2d Inst., fol. 378, note 5 ; *Lusk* v. *Hastings*, 1 Hill, 656 ; *Walradt* v. *Maynard*, 3 Barb. 584.) On this second retainer nothing was agreed upon as to compensation for services. The parties must, therefore, be thrown back on the contract that the law implies that defendant will pay plaintiff what his services are reasonably worth. ( *Van Every* v. *Adams*, 42 N. Y. Sup. Ct. 126.) The plaintiff could, in any event, resign as attorney for the defendant in the will contest after giving due notice. (*Bathgate* v. *Haskins*, 59 N. Y. 535.) The plaintiff not only had liberty so to withdraw, but he had good cause for withdrawing. (*Trust* v. *Repoor*, 15 How. Pr. 570.)

EARL, J. This action was commenced to recover for legal services rendered by the plaintiff to the defendant, as attorney in the proceedings of the Surrogate Court of the city of New York, in reference to the probate of the will of the late Cornelius Vanderbilt, who was the father of the defendant. In her answer she alleged that the plaintiff was retained under a special agreement, by which he was to receive for his services whatever sum she saw fit to give him ; that he was to act as her attorney until the termination of the proceedings ; that he violated his agreement by abandoning the proceedings and refusing to act as her attorney therein long before the same were terminated, without any lawful or sufficient reason therefor and against her wishes and remonstrances, and that he thus violated his agreement.

The cause was referred to a referee who found, among other matters of fact, that the plaintiff was first retained February 24, 1877, and filed and prosecuted objections to the probate of Mr. Vanderbilt's will, which had been already propounded for but not admitted to probate, and that it was then understood

and agreed between him and the defendant that he should re-
ceive, as compensation for his services in that employment,
whatever sum she should think proper to pay; that the objec-
tions which were thus filed on her behalf against the probate
were withdrawn on or about March 13, 1877, with her con-
sent, and a decree was duly entered on that day admitting the
will to probate; that on or about May 12, 1877, she, having
determined to renew her contest against the will, employed
the plaintiff for the further and different purpose of filing
allegations with the surrogate for the purpose of having the
probate thereof revoked; that although this new proceeding
was, in fact, only a revival of the former one, and was in a
great measure so dealt with by the parties to this action, yet
it was technically a different proceeding, and that it did not
appear that the plaintiff in any way consented to carry it on
upon the basis of the previous arrangement by which his com-
pensation was to be left to her discretion; that the services
enumerated in the plaintiff's bill of particulars were rendered
under two retainers, all those rendered prior to March 14, 1877,
being under the first retainer, and all subsequent to that date un-
der the second; that on or about September 21, 1878, the plaintiff
voluntarily and against the wishes and protests of the defend-
ant, withdrew from the case, and tendered and delivered to her
a blank consent for the substitution of another attorney in his
place, which substitution was subsequently made, but still un-
der her protest and without any waiver of her objection to his
course; that his reason for withdrawing was that a gentleman
had been introduced into the case as counsel without his
knowledge or approval, against whom he had personal and pro-
fessional objections and with whom he was unwilling to be
associated; and the referee found, as a conclusion of law, that
under the circumstances detailed in the evidence, the plaintiff
had reasonable cause for withdrawing from the litigation in
question at the time he did so withdraw and that he was en-
titled to recover.

While there is great conflict in the evidence upon the
material questions of fact litigated, yet we think there was

some evidence to sustain the findings of the referee. When the plaintiff was first retained, he was employed to file objections to, and oppose the probate of the will; and it does not appear that any other proceedings were then contemplated by either party. Under that retainer, he rendered some services. The opposition to the probate of the will was subsequently abandoned by the consent of the defendant, and a decree was entered admitting the will to probate; and the services of the plaintiff, under that retainer, then terminated. It does not appear that at the time the will was thus admitted to probate, it was in the contemplation of either party that there should be a further contest in reference thereto. Nearly two months thereafter, the defendant concluded to renew her contest against the will and to have proceedings instituted for the revocation of the probate thereof, and she again sent for the plaintiff and retained him as her attorney. In the interview with him at that time she used the following language, as testified to by him: " She told me she had made up her mind to file allegations against the will; that she would like to have me for attorney in the case, if I would like to be so; that Mr. Lord and Mr. Black are going to be my counsel, in the case, and I would like to have you for my attorney, and you will act under their advice and direction." And he agreed to accept and did accept the retainer. This evidence, with other circumstances proved on the part of the plaintiff, authorized the referee to find a new and general retainer, and that the services subsequently rendered were not rendered upon the terms of the former agreement between the parties. Under the last retainer the plaintiff went on and rendered services, from time to time, until on or about September 28, 1878, when one S. was employed by the defendant as additional counsel, without the knowledge of the plaintiff or any consultation with him, and the first the plaintiff knew of the employment was when he saw him in court sitting beside the other counsel in the case. The next day he wrote a letter to the defendant in which he complained of the introduction of S. into the case as counsel without consulting him, and expressing his determination, on

that account, to withdraw from the case. That letter led to interviews between the plaintiff and the defendant and one of her counsel, in which she attempted to dissuade him from his determination. But he persisted, informing her that he had personal and professional objections to being associated with Mr. S. in the case and withdrew from the case.

The rule of law undoubtedly is, as claimed by the defendant, that an attorney who is retained generally to conduct a legal proceeding enters into an entire contract to conduct the proceeding to its termination, and that he cannot abandon the service of his client without justifiable cause, and reasonable notice. This rule has been laid down in many authorities (*Menzies* v. *Rodrigues,* 1 Price's Exch. 92 ; *Stokes* v. *Trumper,* 2 K. & J. 232 ; *Cresswell* v. *Byron,* 14 Vesey, 272 ; *Nicholls* v. *Wilson,* 2 Dowling [N. S.], 1032 ; *Harris* v. *Osbourn,* 2 C. & M. 629 ; *Whitehead* v. *Lord,* 11 Eng. Law & Eq. 589 ; *Wadsworth* v. *Marshall,* 2 C.& J. 665 ; *Davis* v. *Smith,* 48 Vt. 54 ; *Bathgate* v. *Haskin,* 59 N. Y. 535 ; 2 Greenleaf on Evidence, § 142 ; Weeks on Attorneys, §§ 255, 316 ; Cordery's Law of Solicitors, 62.) If an attorney, without just cause, abandons his client before the proceeding for which he was retained has been conducted to its termination, he forfeits all right to payment for any services which he has rendered. The contract being entire he must perform it entirely, in order to earn his compensation, and he is in the same position as any person who is engaged in rendering an entire service, who must show full performance before he can recover the stipulated compensation. While the attorney is thus bound to entire performance, and the contract as to him is treated as an entire contract, it is a singular feature of the law that it should not be treated as an entire contract upon the other side ; for it is held that a client may discharge his attorney, arbitrarily, without any cause, at any time, and be liable to pay him only for the services which he has rendered up to the time of his discharge. (*Ogden* v. *Devlin,* 45 N. Y. Sup. Ct. 631 ; *Trust* v. *Revoor,* 15 How. Pr. 570 ; *Gustine* v. *Stoddard,* 23 Hun, 99.)

What shall be a sufficient cause to justify an attorney in abandoning a case in which he has been retained has not been laid down in any general rule, and cannot be. If the client refuses to advance money to pay the expenses of the litigation, or if he unreasonably refuses to advance money during the progress of a long litigation to his attorney to apply upon his compensation, sufficient cause may thus be furnished to justify the attorney in withdrawing from the service of his client. So any conduct on the part of the client, during the progress of the litigation, which would tend to degrade or humiliate the attorney, such as attempting to sustain his case by the subornation of witnesses or any other unjustifiable means, would furnish sufficient cause. The attorney is always interested to know with whom he is to be associated in the trial of a cause. The counsel is supposed to be his superior, and is usually employed on account of his superior ability, experience, reputation or professional standing, and after an attorney has engaged in a cause, it would seem to be quite proper that he should be consulted as to the person who is to bear the important relation to him of counsel. The client would certainly have no right, against the protest of the attorney, to introduce as counsel in the case a person of bad character, or of much inferior standing and learning — one not capable of giving discreet or able advice. It would humiliate an attorney to sit down to the trial of a cause, and see his case ruined by the mismanagement of counsel.

The relations between attorney and counsel, too, are of a delicate and confidential nature. They should have faith in each other, and their relations should be such that they can cordially co-operate. While a client has the undoubted right to employ any counsel he chooses, yet it is fair and proper, and professional etiquette requires, that he should consult the attorney, and other counsel in the case, so that they can withdraw, if for any reason they do not desire to be associated with him. Here the plaintiff was assured when he was retained, that Mr. Lord and Mr. Black had been employed as counsel in the proceedings, and that he was to act under their advice and direction, and when she employed Mr. S. with-

Opinion of the Court, per EARL, J.

out the knowledge or consent of the plaintiff, thus placing him in a subordinate position to S. also, she furnished him with a reasonable cause for withdrawing from the case.

We do not think that the rule that an attorney is bound to an entire contract should be very rigidly enforced, while the client is left with the right arbitrarily to discharge him at any time.

We do not think the plaintiff waived his objection to be associated with Mr. S. by remaining in the case, without objection, one day after he knew of S.'s retainer. He certainly was not required to rush out of the court-room the moment he observed his presence, and thus abandon the case. He was bound to give his client reasonable notice, and that he did, on the very next day after he had learned that S. had been introduced into the case.

Upon the trial the plaintiff was permitted to prove, against the objection of the defendant, that he knew that she had mortgaged her house to raise money for the purposes of the litigation in which she was engaged. It is impossible to perceive upon what ground or for what reason this evidence was admitted. It does not appear to have been competent for any purpose ; but it was wholly immaterial, and we cannot perceive how it prejudiced, or was capable of prejudicing, the defendant. If it was for the purpose simply of showing that she was pressed for money, there was abundant proof of the fact aside from this. If it was at all material that she was not very amply supplied with funds to carry on the litigation, her petition filed in the Surrogate's Court to have a portion of the money payable to her under the will advanced, and other evidence show that she needed money to pay the expenses of her litigation, and the support of her family, and that she was embarrassed for the want of it. The error, therefore, if any, in receiving the evidence objected to furnishes no ground for the reversal of the judgment.

The judgment should be affirmed.

All concur, except RAPALLO and ANDREWS, JJ., not voting.

Judgment affirmed.