JAMES G. MARTIN, Respondent, *v.* HUGH N. CAMP, JR., as Executor of FREDERIC E. CAMP, Deceased, and as Trustee under the Will of HUGH N. CAMP, Deceased, et al., Appellants.

Attorney and client — contract of retainer is one of trust and confidence, and the client may cancel it at any time for any reason however arbitrary — in such case the attorney may recover only the reasonable value of his services — Statute of Limitations — when services are brought to an end by the client the statute begins to run from that time, although the attorney's compensation was to be based upon the amount of an award to be obtained.

1. Notwithstanding the fact that the employment of an attorney by a client is governed by the contract made by the parties, the peculiar relation of trust and confidence that such a relationship implies injects into the contract certain special and unique features. Among others, the client may at any time for any reason which seems satisfactory to him, however arbitrary, discharge his attorney.

2. The discharge of the attorney does not for that reason constitute a breach of the contract, because it is a term of such contract, implied from this peculiar relationship, and in such case the attorney may recover only the reasonable value of the services which he has rendered.

3. The contract being an entire and continuous contract, the Statute of Limitations does not begin to run against a claim for services until the final service has been performed. When, however, the services are brought to an end, the cause of action on behalf of the attorney is complete and the statute commences to run. This rule is not affected by the fact that the contract under which the attorney is employed makes his compensation contingent upon the result of an award being made to the client, since the cause of action accrues when he is discharged by the client, and not when the contingency happens upon which his right to compensation was, by the contract, made to depend.

*Martin* v. *Camp*, 161 App. Div. 610, reversed.

(Argued May 10, 1916; decided October 3, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered April 6, 1914, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Edwin Joseph* and *Henry C. Quinby* for appellants. Plaintiff's claim is barred by the Statute of Limitations. (*Adams* v. *Fort Plain Bank,* 36 N. Y. 255; *Bathgate* v. *Haskins,* 59 N. Y. 533.) The relation of attorney and client may be terminated at the will of the client, with or without cause, and the client thereupon becomes liable for the reasonable value of the attorney's services up to the time of the termination of the relation. (*Andrewes* v. *Haas,* 214 N. Y. 255; *Matter of Dunn,* 205 N. Y. 328; *Matter of Robbins,* 189 N. Y. 422; *Tenney* v. *Berger,* 93 N. Y. 524; *Bathgate* v. *Haskins,* 59 N. Y. 535; *Gustine* v. *Stoddard,* 23 Hun, 99; *Johnson* v. *Ravitch,* 113 App. Div. 810; *A. C. C. Works* v. *Dillon,* 111 App. Div. 418; *Matter of Prospect Avenue,* 85 Hun, 257; *Matter of Paschal,* 77 U. S. 483.)

*Barclay E. V. McCarty* for respondent. The appellants' plea as to the Statute of Limitations is untenable. (*Matter of Mayor, etc.,* 127 App. Div. 650; *Ga Nun* v. *Palmer,* 202 N. Y. 483; Wood on Limitations [3d ed.], § 119; *Brooklyn Bank* v. *Barnaby,* 197 N. Y. 210; *Koster* v. *Lafayette Trust Co.,* 207 N. Y. 336; *Bartlett* v. *Odd Fellows Savings Bank,* 79 Cal. 218; *Kelly* v. *Security, etc., Co.,* 186 N. Y. 16.) The respondent's assignors, admittedly, were dismissed without cause; and, consequently, upon the confirmation of the commissioner's report, the respondent's assignors became entitled to recover the entire stipulated compensation. (*Marsh* v. *Holbrook,* 3 Abb. Ct. App. Dec. 176; *Carlisle* v. *Barnes,* 102 App. Div. 573; 183 N. Y. 272; *Martin* v. *Camp,* 161 App. Div. 610; *Barney* v. *Fuller,* 133 N.Y. 605; *Andrewes* v. *Haas,* 160 App. Div. 421; 214 N. Y. 255; *Murray* v.

*Waring, etc., Co.,* 142 App. Div. 514; *Matter of Albers Realty Co.,* 140 App. Div. 277; *Matter of Fitzsimmons,* 174 N. Y. 23; *Fischer-Hansen* v. *Brooklyn Heights, etc., Co.,* 173 N. Y. 492.)

SEABURY, J. This is an action by the assignee of a firm of attorneys and counselors at law to recover damages for the breach of a contract of professional employment. The plaintiff's assignors were retained by the appellants' testator to recover an award in condemnation proceedings. The contract stipulated that the compensation to be paid should be contingent upon success and fixed the sum that was to be paid in event of success as a proportion of the amount recovered. The plaintiff's assignors rendered substantial services under their contract and were discharged by the appellant without cause. The first question which we are called upon to determine is whether an attorney employed for a single litigation, who is dismissed by his client without cause, may maintain an action for damages for the breach of that contract or whether he is limited to a recovery based upon a *quantum meruit.* The learned Appellate Division were not in agreement upon this question although the majority were of the opinion that an action for damages might be maintained under such circumstances. While the precise question has not been determined by this court, the nature and character of the contract of employment of an attorney by a client have been clearly defined. It is evident that the question now presented for decision must be determined in accord with the legal principles which define the nature and character of such a contract. The contract under which an attorney is employed by a client has peculiar and distinctive features which differentiate it from ordinary contracts of employment. In ascertaining the nature of such a contract little assistance is to be derived from the consideration of analogous contracts under the English common law.

In the early case of *Adams* v. *Stevens* (26 Wend. 451, 455) the whole subject was learnedly discussed by Chancellor WALWORTH. After commenting upon the practice existing under the civil and common law the chancellor said: "Whatever may be the practice of other countries, however, the principle never has been adopted in this state that the professions of physicians and counsellors are merely honorary, and that they are not of right entitled to demand and receive a fair compensation for their sevices; especially where there is an agreement to pay them a fixed compensation, or such a reasonable remuneration for their services as those services shall be deemed to be worth." Substantially the view which Chancellor WALWORTH expressed is now embodied in statute form in section 474 of the Judiciary Law. (Cons. Laws, ch. 29.) That section provides that "the compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law."

Notwithstanding the fact that the employment of an attorney by a client is governed by the contract which the parties make, the peculiar relation of trust and confidence that such a relationship implies injects into the contract certain special and unique features. In *Marsh* v. *Holbrook* (3 Abb. Ct. App. Dec. 176) the question whether an attorney could recover upon a *quantum meruit* merely or might recover in an action for damages for breach of contract was discussed. Two members of the court who participated in the decision of that case were of the opinion that the attorney was entitled to recover the whole contract price. The question was not, however, determined, Judge WOODRUFF pointing out that the question was not necessarily before the court as the attorney had not appealed from the judgment. Since the decision of that case the nature of the contract existing between attorney and client has been the subject of frequent discussion. (*Matter of Dunn*, 205 N. Y. 398 and cases cited; *Andrewes* v. *Haas*, 214 N. Y. 255, 259.)

These cases and many others that might appropriately be cited to the same effect establish that while so far as the attorney is concerned the contract is entire and the attorney cannot recover unless he completely performs, the client with or without cause may terminate the contract at any time. The substance of the rule declared in these cases was expressed by Judge HISCOCK in *Matter of Dunn (supra).* In that case it was said: "It is well established in the case of the client that he may at any time for any reason which seems satisfactory to him, however arbitrary, discharge his attorney." (p. 402.)

That the client may at any time for any reason or without any reason discharge his attorney is a firmly-established rule which springs from the personal and confidential nature of the relation which such a contract of employment calls into existence. (*Matter of Dunn,* 205 N. Y. 398.) If the client has the right to terminate the relationship of attorney and client at any time without cause, it follows as a corollary that the client cannot be compelled to pay damages for exercising a right which is an implied condition of the contract. If in such a case the client can be compelled to pay damages to his attorney for the breach of the contract, the contract under which a client employs an attorney would not differ from the ordinary contract of employment. In such a case the attorney may recover the reasonable value of the services which he has rendered but he cannot recover for damages for the breach of contract. The discharge of the attorney by his client does not constitute a breach of the contract, because it is a term of such contract, implied from the peculiar relationship which the contract calls into existence, that the client may terminate the contract at any time with or without cause.

We are aware that in certain jurisdictions a contrary rule has been adopted and that it has been held that where the attorney is employed to perform services for an agreed sum and is discharged without cause and thereby

prevented from the performance of the contract, the attorney may recover the full contract price. (*Scheinesohn* v. *Lemonek,* 84 Ohio St. 425; *Bartlett* v. *Odd Fellows Sav. Bank,* 79 Cal. 218; *French* v. *Cunningham,* 149 Ind. 632; *Moyer* v. *Cantieny,* 41 Minn. 242; *Kersey* v. *Garton,* 77 Mo. 645; *Myers* v. *Crockett,* 14 Tex. 257; *Town of Mt. Vernon* v. *Patton,* 94 Ill. 65.)

In *Scheinesohn* v. *Lemonek* (*supra*) it was held that because the attorney had performed no services under his contract and the client had not been in any way benefited, the rule of *quantum meruit* was inapplicable.

In *French* v. *Cunningham* (*supra*) the court held (p. 638) that the ordinary rule that the attorney could recover the reasonable value of his services does not apply "if the party doing the work has been prevented from completing it by the other party in violation of the contract."

In *Myers* v. *Crockett* (*supra*) the court said that "where the attorney had entered upon and was proceeding to perform the services contracted for, and the conduct of the case was thus wrested from him by his client, without any fault on his part, there would seem to be much reason in holding, that he was entitled to recover the full amount of the fee contracted to be paid for the services contemplated by the contract."

These decisions in other jurisdictions are not consistent with the principles which define the nature of the contract under which an attorney is employed, as those principles have been declared by the decisions of this court. Our own decisions clearly established the *right* of the client to terminate the contract with or without cause, and it follows from this rule, by necessary implication, that if the client has the right to terminate the contract, he cannot be made liable in damages for doing that which under the contract he has a right to do.

In *Tenney* v. *Berger* (93 N. Y. 524, 529) this precise subject was under discussion and Judge EARL said: "While

the attorney is thus bound to entire performance, and the contract as to him is treated as an entire contract, it is a singular feature of the law that it should not be treated as an entire contract upon the other side; for it is held that a client may discharge his attorney, arbitrarily, without any cause, at any time, and be liable to pay him only for the services which he has rendered up to the time of his discharge."

In *Johnson* v. *Ravitch* (113 App. Div. 810, 812) Mr. Justice GAYNOR said: "Every attorney enters into the service of his client subject to the rule that his client may dismiss or supersede him at will; and if he makes a contract for future services to his client, it is necessarily subject to such rule, and made with full knowledge that he may never perform such service, for the reason that his client may not keep him, and that in that event he will not be paid therefor, but will be entitled to compensation only for the services he has already rendered." The extracts just quoted from these two last mentioned decisions correctly declare the rule of law which is applicable in this state. The rule secures to the attorney the right to recover the reasonable value of the services which he has rendered, and is well calculated to promote public confidence in the members of an honorable profession whose relation to their clients is personal and confidential. What has been said declaratory of the rule that the attorney is limited to a recovery upon a *quantum meruit* does not relate to a case where the attorney in entering into such a contract has changed his position or incurred expense, or to a case where an attorney is employed under a general retainer for a fixed period to perform legal services in relation to matters that may arise during the period of the contract. The plaintiff's right of action is limited to a recovery for the reasonable value of services rendered.

It is claimed by the appellant that as the plaintiff's assignors were discharged under the contract March 30th,

1900, and the present action was not commenced until October 15th, 1908, this action is barred by the Statute of Limitations.

The contract of an attorney with his client being an entire and continuous contract, the Statute of Limitations does not begin to run against a claim for services under such contract until the final service has been performed. (*Eliot* v. *Lawton*, 7 Allen, 274; *Powers* v. *Manning*, 154 Mass. 370, 376.) If, however, the services are brought to an end, the cause of action on behalf of the attorney is complete and the statute commences to run against the claim. As was said in *Adams* v. *Fort Plain Bank* (36 N. Y. 255, 260): "the test, therefore, being whether the statute begins to run or not, is, could an action be commenced at once for the demand?" In *Bathgate* v. *Haskin* (59 N. Y. 533, 535) Judge ANDREWS said: "No right of action acrues for each successive service in the progress of the cause, and the statute does not begin to run against his claim for compensation until his relation as attorney in the suit has terminated. The client may terminate it at his pleasure." On behalf of the respondent it is urged that the plaintiff's claim is not barred by the statute because the contract under which the plaintiff's assignors were employed makes the compensation of the attorneys contingent upon the result of an award being made to the client. The award to the client was not made until October 20th, 1902, and it is argued that the cause of action did not accrue until this time and, therefore, the claim of the plaintiff is not barred by the statute. If the plaintiff's assignors had not been discharged their cause of action would not have accrued until the contingency happened upon which their right to compensation was, by the contract, made to depend. (*Ga Nun* v. *Palmer*, 202 N. Y. 483.) The cause of action of the plaintiff's assignors however, accrued when they were discharged by their client and the contract of employment terminated. That

date was March 30th, 1900, and the claim that then arose was barred by the Statute of Limitations when this action was commenced on October 15th, 1908.

It follows that the judgment must be reversed, with costs in all courts, and the complaint dismissed.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDE-BACK, HOGAN and POUND, JJ., concur.

Judgment reversed, etc.

(Opinion prepared by SEABURY, J., before his resignation and adopted by the court.)