ABNER GREENBERG, Appellant, *v.* JEROME H. REMICK & Co., Respondent.

**Attorney and client — contract employing attorney for year at stated compensation — defendant liable for breach of contract upon unwarranted discharge.**

1. The rule that an attorney upon discharge by his client is limited to a recovery upon a *quantum meruit* does not relate to a case where the attorney is employed under a general retainer for a fixed period to perform legal services in relation to matters that may arise during the period of the contract. (*Martin* v. *Camp*, 219 N. Y. 170, distinguished.)

2. An agreement whereby defendant employed the plaintiff as its attorney and legal adviser for a period of one year at a fixed compensation for the year, payable weekly, is not, as to either, an employment at will, and the discharge of the plaintiff without cause makes the defendant liable for a breach of the contract.

*Greenberg* v. *Remick & Co.*, 191 App. Div. 947, reversed.

(Argued September 28, 1920; decided November 23, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 26, 1920, unanimously affirming a judgment in favor of defendant entered upon an order of the court at Special Term sustaining a demurrer to the complaint.

On April 21, 1919, the defendant entered into an agreement with the plaintiff "Wherein and whereby it employed the plaintiff as its attorney and legal adviser for a period of one year from said date at a compensation of $5,200 for a year, payable $100 weekly." The plaintiff entered upon the employment and continued therein under the terms of the agreement until the 27th day of September, 1919, when, "without any reasonable cause or legal ground therefor," he was discharged. The plaintiff "duly performed the terms, covenants and conditions of said agreement on his part to be performed." He was paid his salary at the rate of $100 per week until he was discharged. The defendant refused to pay his salary from that day. This action is brought to recover the sum of $2,900, being $100 a week from September 27, 1919, until the end of the express term of employment.

A demurrer was interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action. A motion was then made by the defendant for judgment upon the pleadings, which motion was granted and the complaint dismissed. On appeal therefrom to the Appellate Division the judgment dismissing the complaimt was unanimously affirmed. (191 App. Div. 947.) This appeal is taken from the judgment of affirmance.

*Abraham H. Sarasohn* for appellant. An agreement between an attorney and a client, for the services of the attorney, for a definite time at a fixed compensation, has all the elements of a valid contract, and is equally binding upon and enforcible against each of the contract-

ing parties. (*Bathgate* v. *Haskin,* 59 N. Y. 533; *Holmes* v. *Evans,* 129 N. Y. 140; *Halbert* v. *Gibbs,* 16 App. Div. 129; *Badger* v. *Celler,* 41 App. Div. 599; *Cary* v. *Cary,* 97 App. Div. 473; *Cole* v. *Ruby,* 11 N. Y. Supp. 260; *Buckly* v. *Buckly,* 64 Hun, 632; *Friedman* v. *Mindlin,* 91 Misc. Rep. 473; *Marsh* v. *Holbrook,* 3 Abb. Ct. App. Dec. 180; *Carlisle* v. *Bond,* 102 App. Div. 573; *Copp* v. *Colonial Coal Co.,* 33 Misc. Rep. 173.)

*I. Maurice Wormser* and *Leon Laski* for respondent. The relation of attorney and client may be terminated at the will of the client, with or without cause, without liability on his part for breach of contract. (*Degen* v. *Steinbrink,* 188 App. Div. 622; *Johnson* v. *Revitch,* 113 App. Div. 810; *Martin* v. *Camp,* 219 N. Y. 170; *Andrewes* v. *Haas,* 214 N. Y. 255; *Matter of Dunn,* 205 N. Y. 398; *Tenney* v. *Berger,* 93 N. Y. 529; *Rook* v. *Palmer,* 119 App. Div. 64; *Jeny* v. *Merkle,* 128 App. Div. 833; *Lynn* v. *Agnew,* 179 App. Div. 305; *Corcoran* v. *Kellogg Structural Co.,* 179 App. Div. 396; *Matter of Board of Water Supply,* 179 App. Div. 877.)

CHASE, J.   It has been held on the authority of *Martin* v. *Camp* (219 N. Y. 170) that the plaintiff cannot recover of the defendant for breach of its contract with him. It is necessary for us to consider what was decided by this court in *Martin* v. *Camp.* It was not therein decided that a contract cannot be made between an attorney and client that is enforcible against the client.

The compensation of an attorney or counselor for his services is governed by agreement express or implied which is not restrained by law. (Judiciary Law [Cons. Laws, ch. 30], § 474.) The rules of the old common law and of the civil law relating to the employment of an attorney at law and as to his compensation were never adopted in this state. (*Adams* v. *Stevens & Cagger,* 26 Wend. 451.)

A contract for professional employment may be made in this state between an attorney and client on such terms as they may agree. (*Adams* v. *Stevens & Cagger, supra; Fowler* v. *Callan,* 102 N. Y. 395.) Such contracts must be fairly made. (*Fowler* v. *Callan, supra.*) An attorney must not use his position as such to obtain for himself an unconscionable advantage and no contract express or implied will be enforced when its enforcement would be contrary to public policy. (*Andrewes* v. *Haas,* 214 N. Y. 255; *Matter of Snyder,* 190 N. Y. 66.)

The relationship between attorney and client is peculiarly confidential. In controversial matters unless a client retains his trust and confidence in his attorney and the attorney remains devotedly loyal to his client it may be practically impossible to carry out the purpose for which the contract for professional employment is made. Because of this peculiar and unusual relationship when a contract for professional employment is made between an attorney and one whom he is about to represent, there is read into the contract, unless expressly or otherwise negatived, an inference or implied condition assented to by the parties that while the attorney shall be bound by the terms thereof (*Tenney* v. *Berger,* 93 N. Y. 524, 529), the client shall have the power and the right to discharge the attorney at any time, with or without cause, leaving the attorney to recover for the value of his services to the time of the discharge. (*Tenney* v. *Berger, supra; Andrewes* v. *Haas, supra; Matter of Dunn,* 205 N. Y. 398; *Johnson* v. *Ravitch,* 113 App. Div. 810, 812; *Martin* v. *Camp, supra; Matter of City of New York,* 219 N. Y. 192.)

In *Martin* v. *Camp* this court said: " The contract under which an attorney is employed by a client has peculiar and distinctive features which differentiate it from ordinary contracts of employment. * * * That the client may at any time for any reason or without any reason discharge his attorney is a firmly established rule which springs from the personal and confidential nature

of the relation which such a contract of employment calls into existence. (*Matter of Dunn*, 205 N. Y. 398.) If the client has the right to terminate the relationship of attorney and client at any time without cause, it follows as a corollary that the client cannot be compelled to pay damages for exercising a right which is an implied condition of the contract. If in such a case the client can be compelled to pay damages to his attorney for the breach of the contract, the contract under which a client employs an attorney would not differ from the ordinary contract of employment. In such a case the attorney may recover the reasonable value of the services which he has rendered but he cannot recover for damages for the breach of contract. The discharge of the attorney by his client does not constitute a breach of the contract, because it is a term of such contract, implied from the peculiar relationship which the contract calls into existence, that the client may terminate the contract at any time with or without cause." (pp. 172, 174.)

It is said in the opinion in that case that the rule is well calculated to promote public confidence in the members of an honorable profession whose relation to their clients is personal and confidential.

The decision in that case was, however, expressly limited by a statement in the opinion as follows: " What has been said declaratory of the rule that the attorney is limited to a recovery upon a *quantum meruit* does not relate to a case where the attorney in entering into such a contract has changed his position or incurred expense, or to a case where an attorney is employed under a general retainer for a fixed period to perform legal services in relation to matters that may arise during the period of the contract." (p. 176.) The decision in *Martin* v. *Camp* does not extend to a case where it appears by the express terms of the contract or otherwise that a different rule was intended by the parties.

There is but one question for us to consider on this

appeal and that is whether the particular contract between the parties as stated in the complaint includes an implied condition or provision that the plaintiff could be discharged by the defendant prior to the end of the term without being liable to the plaintiff for a breach of the contract.

The contract was not that the attorney should conduct a particular suit or proceeding. It does not appear that it was entered into in anticipation of expected litigation. It does not even appear that the defendant during the term had any contentious matter, litigated or otherwise, requiring the advice or services of an attorney at law. The contract did not, therefore, at once and in and of itself establish a professional relation in a matter in controversy. By the terms of the contract the attorney was to receive a specified salary for a designated term, and although it provided for professional advice and service it was in every respect more in the nature of an ordinary contract between master and servant than one for professional employment. It did not differ from contracts with other salaried employees except in the character of the work to be performed. It was not such an employment as would sustain a lien on the master's property for the attorney's services. (*Matter of Heinsheimer*, 214 N. Y. 361.) In such a contract for such a purpose the reason for holding an implied provision permitting the cancellation of the contract by the employer without being liable for breach of contract, does not seem to exist. The distinction between the contract of *Martin* v. *Camp* and the one now before us is in the fact that the one is purely for professional services, speculative in its outcome and for the reasons mentioned presumed to be entered into in view of the inferences as therein stated; while the other is an ordinary business agreement specific and definite in its terms and in effect negatives the presumption that as to the client it should be deemed a contract at will.

It was held in *Dixon* v. *Volunteer Cooperative Bank* (213 Mass. 345) that where a person was employed by a bank as its attorney for a fixed period he could recover damages in case of a breach of the contract. (See, also, *Horn* v. *Western Land Assn.*, 22 Minn. 233.)

In *Fisher* v. *City of Mechanicville* (225 N. Y. 210) this court considered a case where the defendant had by incorporation succeeded the village of Mechanicville with the same boundaries and inhabitants as the village which went out of existence on such incorporation. The plaintiff before the incorporation of the defendant had been appointed village attorney for the village of Mechanicville for a fixed period and at a specified salary. The plaintiff's action for his salary was defended upon the ground that the plaintiff was a public officer whose office was terminated by the organization of the city. It was held that the plaintiff was an employee of the village and could recover the full amount under the contract. It should be said, however, that the question of the right of the defendant to discharge the plaintiff as an *employee* without being liable for breach of contract was not considered.

Our conclusion is that the contract between the plaintiff and defendant was not, as to either, an employment at will. The discharge of the plaintiff without cause made the defendant liable for a breach of the contract.

The judgments should be reversed, with costs in all courts, with leave to the defendant to withdraw the demurrer and plead over within twenty days on payment of costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ELKUS, JJ., concur.

Judgments reversed, etc.