## MARQUAM et al. v. VACHON.

(Circuit Court of Appeals, Ninth Circuit. September 14, 1925. Rehearing Denied October 19, 1925.)

No. 4464.

**Attorney and client ⊙⊐150—Client may settle suit without breaching contract employing attorney.**

A client may at any time, for any reason satisfactory to him, however arbitrary, discharge his attorney, and his settlement of a case without consulting his attorney is not a breach of the contract; but the attorney is limited to recovery of the reasonable value of services rendered.

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska; Cecil H. Clegg, Judge.

Action by Thomas A. Marquam and Louis K. Pratt against Peter Vachon. Judgment for defendant, and plaintiffs bring error. Affirmed.

Action for damages for breach of contract. General demurrer to the complaint was sustained, and, to review judgment in favor of defendant below, writ of error was taken. The facts, as stated in the complaint, are:

Vachon, for his firm, employed plaintiffs as attorneys in an action to be brought against the Northern Navigation Company on two accounts stated. Plaintiffs filed a complaint, asking judgment on the two causes of action. When employed, no sum was agreed upon as attorney's fees, but defendant advanced $150 on account. Demurrer to the complaint was sustained, plaintiffs elected to stand on the complaint, and the actions were dismissed by the District Court. Afterwards Vachon and plaintiffs made a new verbal contract, by which plaintiffs were to prosecute a writ of error to the Circuit Court of Appeals, and, if the result should be that the action was to be tried again in the District Court, Vachon was to pay plaintiffs a sum equal to one-half of the amount that might eventually be collected on any judgment based on the two causes of action. The writ of error was successfully prosecuted in the Circuit Court of Appeals, and the case was remanded for trial on the merits; new trial was proceeded with, but the result was a mistrial.

Subsequently, at Seattle, Vachon secretly, and without the knowledge or consent of the plaintiffs, and for the purpose of cheating and defrauding plaintiffs out of the balance due for their services, negotiated for and made a compromise and settlement of the causes of action with the Northern Navigation Company, and entered into a written stipulation, signed by Vachon and the Navigation Company, for the dismissal of the action with prejudice. Plaintiffs had no knowledge of the existence of such stipulation until it was filed in the District Court in Alaska, 17 months afterwards, when the actions were dismissed. It is alleged that, when the compromise was made, the causes of action were of the value of $2,849, half of which belonged to plaintiffs under the contract; that, after deducting payments made, there is still a balance of $967.50 due to plaintiffs.

Thomas A. Marquam and Louis K. Pratt, both of Fairbanks, Alaska, and Herman Weinberger, of San Francisco, Cal., for plaintiffs in error.

Kerr, McCord & Ivey, of Seattle, Wash., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). A contract by which an attorney is employed is of a character which distinguishes it from most contracts of employment. The distinction has recently been commented upon in Martin v. Camp, 219 N. Y. 170 [114 N. E. 46], L. R. A. 1917F, 402, where the New York Court of Appeals, after citing earlier cases in unanimous opinion, said:

"These cases, and many others that might appropriately be cited to the same effect, establish that, while so far as the attorney is concerned the contract is entire, and the attorney cannot recover unless he completely performs, the client, with or without cause, may terminate the contract at any time. The substance of the rule declared in these cases was expressed by Judge Hiscock in Re Dunn, supra, 205 N. Y. 398 [98 N. E. 914, Ann. Cas. 1913E, 536]. In that case it was said: 'It is well established, in the case of the client, that he may at any time for any reason which seems satisfactory to him, however arbitrary, discharge his attorney.' "

The relationship of attorney and client rests upon such confidential and personal elements that it is wise that dissolution may be had at the will of the client, and the decisions go to the extent of holding that the right of the client to dismiss the attorney, whether with or without cause and at any time, is an implied condition of the contract of employment. 2 R. C. L. 957.

Therefore dismissal of the attorney, arbitrarily or without cause, does not constitute a breach. The Court of Appeals of New York refers to a number of cases which take a different view, but our inclination is in accord with those which sustain the right of termination at the will of the client, and which hold that, where the client exercises his undoubted right to settle the suit without consulting his attorney, the attorney cannot recover in damages for a breach of contract, but is limited to recovery for the reasonable value of services rendered. Martin v. Camp, supra; Wright v. Johanson, 132 Wash. 682, 233 P. 16.

In the present case, inasmuch as the client had a right to settle and compromise the actions, the averment that the compromise and settlement were made by Vachon for the purpose of defeating payment of attorney's fees is not material. There is no allegation that the settlement itself was not real or proper. The client, in settling without consulting his attorneys, but exercised a right.

Settlement, however, does not relieve the client of liability for the reasonable value of services rendered by the attorney up to the time of the settlement and the filing of the stipulation for dismissal. The remedy of the attorneys is upon a quantum meruit, and not upon the contract.

The judgment is affirmed.