Matthew M. Levy, J.
This is an action by an attorney for $30,000 claimed as the balance of an unpaid 1 ‘ retainer ’ ’ fee. The defendants are former clients. The agreement of the parties is expressed in a letter which reads as follows:
New York, New York
April 6, 1959
Dear Mr. Handelman:
I hereby retain you to represent me in connection with the Securities Exchange-Commission difficulties arising out of the Olen-Grreen merger and to take such steps as shall be necessary -for my defense.
As compensation -for your services, I hereby agree to pay you a -retainer of $40,000. Preparation and conference time subsequent to May 6, 1959 shall be billed at the rate of $250 per day.
Should any Court appearances be necessary, the same shall be billed at the rate of $500 per day.
T agree to advance and/or reimburse you for necessary disbursements on my í behalf.
In addition to the foregoing fixed charges, I agree to pay you a bonus to be mutually agreed upon, commensurate with the success of the results achieved.
If the foregoing conforms with your understanding, please indicate your acceptance on the line provided therefor.
Very truly yours,
(Sgd.) Industrial Development Co., Inc.
By M. E. Olen— President
(-Sgd.) M. E. Olen
Accepted:
(Sgd.) Philip Handelman
The attorney was given four corporate checks totaling $40,000 to cover the initial retainer fee. Of this sum, $10,000 was paid and, the defendants discharged the attorney after four weeks. Arguing on this submission that the plaintiff’s recovery, if *403 any, must be on quantum meruit, the individual defendant moves to dismiss the complaint for legal insufficiency (Rules Civ. Prac., rule 106, subd. 4) or for summary judgment (Rules Civ. Prac., rule 113).
The briefs, pro and con, consist in the main of attempts to make the case something which it is not. Neither Martin v. Camp (219 N. Y. 170) cited by the moving defendant, nor Greenberg v. Remick & Co. (230 N. Y. 70) cited by the plaintiff, is controlling. The former is based on a “ contingent fee” and the latter involves an employment for a “ fixed term ” at “ a specified salary ’ ’.
The critical question here is what was intended by the agreement of the defendants to pay the plaintiff ‘ ‘ a retainer ’ ’ of $40,000. The issue cannot satisfactorily be answered on the basis of the writing relied upon or of the affidavits submitted to the court. ‘ ‘ Retainer ” could mean either a fee not only for the rendition of professional services, but also for the attorney’s taking the case, making himself available to handle it and refusing other possible employment, or it could have been intended as a word describing compensation solely for services to be performed. If the former, the plaintiff is entitled to recover for indebitatus assumpsit (as pleaded); if the latter, he may recover on quantum meruit (which he does not plead).
Before the defendant is entitled to a dismissal of the complaint for insufficiency on its face I must, under accepted principles of law, come to the conclusion that the writing sued upon clearly, unambiguously and necessarily means the second alternative and that it is not legally possible to construe the agreement to encompass the first — whatever the facts may be as properly unfolded upon the trial (O’Neil Supply Co. v. Petroleum Heat & Power Co., 280 N. Y. 50, 55-56; Smith v. Smith, 277 App. Div. 694, 695; Frank Associates v. Ryan & Sons, 281 App. Div. 665). That I cannot do. And, also, before I may determine that the defendant is entitled to summary judgment I must, under the equally well-established law on the subject, hold that the issue raised in the plaintiff’s answering affidavit as to the meaning of the agreement is not a substantial one, but is feigned (Thorp v. Pittsburgh Bicentennial Assn., 22 Misc 2d 233, 234, 235). I cannot do that either.
The triable issues of fact left unsettled on this presentation include the questions of who drafted the agreement, what the customary meaning of the words is in similar agreements, what other opportunities the plaintiff had for professional employment, what was the approximate value of Ms becoming available to the defendants and what loss or damage the plaintiff *404 suffered by taking the case at the time in question. These matters must be weighed in connection with the size of the agreed retainer fee, the other arrangements for compensation and the value both of the agreement to serve and the anticipated services to be performed. (See Aron v. Gillman, 309 N. Y. 157, 163; National City Bank of N. 7. v. Schinasi, 24 Misc 2d 444, 448.)
The motion to dismiss the complaint and, in the alternative, for summary judgment is consequently denied.