■ PHILIP HANDELMAN, Respondent, v. M. E. OLEN, Appellant, et al., Defendant.— Order, entered on June 7, 1960, denying defendant-appellant's motion to dismiss the complaint for insufficiency under subdivision 4 of rule 106 of the Rules of Civil Practice, or, in the alternative, for summary judgment pursuant to rule 113, in an action to recover the agreed value of professional legal services consequent upon a corporate merger and upon the promissory notes representing the balance of the agreed value, reversed, on the law, with $20 costs and disbursements to the appellant, and the motion granted to the extent of dismissing the complaint under subdivision 4 of rule 106 for insufficiency with leave to plaintiff-respondent to serve an amended complaint grounded on *quantum meruit,* with $10 costs. The contract is one to render professional legal services in respect of a specified matter. In such case the client may at any time before the services are rendered discharge his attorney without cause and the sole remedy of the attorney is on *quantum meruit.* (*Martin* v. *Camp,* 219 N. Y. 170; *Matter of Montgomery,* 272 N. Y. 323.) "It is well established that a client may discharge his attorney at any time for any reason he deems sufficient. In such circumstances the attorney is relegated to an action for the reasonable value of his services, unless he has fully performed his contract. In the event of full performance prior to discharge, however, the attorney may stand upon his contract and the measure of his damages is the agreed value of his services. (*Martin* v. *Camp,* 219 N. Y. 170; *Matter of City of New York,* id. 192; *Matter of Dunn,* 205 id. 398.)" (*McAvoy* v. *Schramme,* 238 App. Div. 225, 228, affd. 263 N. Y. 548.) The allegation of due performance is not the equivalent of an allegation that the services provided for have been fully performed. *Greenberg* v. *Remick & Co.* (230 N. Y. 70) is inapplicable. There the contract was in the nature of a general retainer, was not made in anticipation of expected litigation, and therefore did not of itself establish a professional relation in respect of a controverted matter. Here the contract expressly concerned itself "with the Securities Exchange Commission difficulties arising out of the Olen-Green merger" and is as specific as the contract in *Matter of Montgomery* (*supra*) which was one to perform services in the settlement of an estate. Concur — Rabin, J. P., McNally and Eager, JJ.; Valente and Stevens, JJ., dissent and vote to affirm in the following memorandum by Valente, J.: I dissent and would affirm the order of Special Term. Plaintiff predicates his right to recovery on the written agreement of April 6, 1959. I agree with Special Term that the language of that agreement, particularly in the use of the word "retainer", creates an ambiguity which cannot be resolved as

a matter of law from the face of the document. There must be further exploration at a trial to determine whether the contract was one in which plaintiff was retained to make himself available to his clients in the future — in which case he may sue for breach of contract — or was one to pay for future services — restricting his remedy to recovery in *quantum meruit*. Hence, the complaint should not be dismissed under subdivision 4 of rule 106 of the Rules of Civil Practice. The allegation that plaintiff has duly performed all of the conditions of the contract on his part to be performed is sufficient under rule 92 of the Rules of Civil Practice. [24 Misc 2d 401.]