Per Curiam.

Judgment entered February 4, 1977 (Lane, J.) affirmed, with $25 costs.
Pursuant to the letter retainer agreement between the parties, plaintiff’s attorney was to "advise and represent” defendant labor association on a variety of legal matters, including collective bargaining negotiations, affecting defendant’s membership. The retainer was for a two-year period at a specified annual rate of compensation, "and shall be deemed renewed for another year unless either party notifies the other in writing on or before February 7, 1975 of intention not to renew the same”. It is undisputed that defendant did not give written notice of its intention not to continue plaintiff’s services until April 4, 1975. There is no contention that the termination was for cause. This action is not in quantum meruit, but is brought to recover the yearly salary fixed in the retainer agreement, as renewed.
The well-settled rule in New York is that a client may discharge his attorney at any time, with or without cause, and the attorney may only recover the reasonable value of the services he has rendered to the date of discharge (Martin v Camp, 219 NY 170; Lurie v New Amsterdam Cas. Co., 270 NY 379). However, where an attorney engaged under a general retainer is to receive a specified sum for a designated period, and is discharged thereunder without cause prior to the expiration of the term, he is not relegated to an action in *117 quantum meruit, but is entitled to recover as damages the stipulated value of his contract (Martin v Camp, supra, p 176; Greenberg v Remick & Co., 230 NY 70; Handelman v Olen, 11 AD2d 987, affd 11 NY2d 896; Prial v Association of Classified Employers of Dept. of Sanitation, NYLJ, Oct. 16, 1969, p 14, col 4). The agreement under review is a general retainer, not entered into in anticipation of expected litigation or a particular controversy, but providing for advice and counsel with reference to a variety of civil service matters that might afterward arise during the period of the contract. As such, the agreement falls within the exception to the general rule, and defendant may be held in damages for its breach.
We agree with the trial couft that section 5-903 of the General Obligations Law is not applicable in the instant situation. That statute is addressed to contractors who furnish "service, maintenance or repair to or for any real or personal property”, and provides that when such services are performed pursuant to a contract that contains an automatic renewal clause, the party receiving the service must be given timely written notice calling his attention to the existence of the renewal provision in the contract. It was enacted to protect small businessmen who unwittingly find themselves "married” to self-renewing maintenance or service-type contracts (NY Legis Ann, 1961, pp 52, 451), and may not reasonably be construed to encompass the personal service agreement at bar. We observe in passing that there was unrebutted testimony at trial that plaintiff, in January, 1975, orally informed defendant’s president that the retainer was about to expire, and that if defendant did not intend to continue his services, he should be advised in writing by February 7.
We are ever mindful of the "peculiar relation of trust and confidence” inherent in the relationship between attorney and client (see Martin v Camp, supra, p 173), and that transactions between a lawyer and his client must be conducted with the fairness that confidential relationship demands. But unless unconscionable or illegal on its face, a retainer, like any other contract, is presumed to be fair until the contrary appears and will be enforced in the absence of fraud, deceit, overreaching, or undue influence (Rodkinson v Haecker, 248 NY 480, 489-490; Rodgers v Sound of Music Co., 74 Misc 2d 699; Judiciary Law, § 474). None of these factors is present in this case. Defendant is therefore bound by the express and unambiguous terms of the contract it willingly made.
*118 Concur: Dudley, P. J., Hughes and Riccobono, JJ.