■ MORRIS WALD, Plaintiff, v SYLVIA WALD, Respondent. (Action No. 1.) SYLVIA WALD, Respondent, v MORRIS WALD, Defendant. (Action No. 2.) GLAZER & GOTTLIEB, Nonparty Appellant.—In consolidated actions for a divorce and ancillary relief, the appeal is from an order of the Supreme Court, Nassau County (Wager, J.), entered August 8, 1989, which denied the appellant's motion to fix its compensation in accordance with its retainer agreement and for a charging lien in the amount so fixed.

Ordered that the order is affirmed, with costs.

We agree with the appellant's contention that had it completed its representation of its former client prior to being discharged without cause, it would be entitled to stand on its contract and recover the agreed value of its services *(see, Finkelstein v Kins,* 124 AD2d 92, 95, *amended on other grounds* 131 AD2d 351; *Kronish, Lieb, Shainswit, Weiner & Hellman v Howard Stores Corp.,* 44 AD2d 813; *McAvoy v Schramme,* 238 App Div 225, *affd* 263 NY 548; *see also, Martin v Camp,* 219 NY 170; *Handleman v Olen,* 11 AD2d 987, *affd* 11 NY2d 896; *see generally,* 7 NY Jur 2d, Attorneys at Law, § 148). However, in the instant case, the record establishes that the appellant was discharged prior to completing its representation of its former client, as two postjudgment but nonappellate matters were pending before the Supreme

Court at the time of the appellant's discharge, which matters were completed by the wife's incoming attorneys. Accordingly, as the discharge occurred prior to completion of the outgoing law firm's representation of the wife, it is relegated to a recovery in quantum meruit *(see, Jacobson v Sassower,* 66 NY2d 991; *Demov, Morris, Levin & Shein v Glantz,* 53 NY2d 553; *Ventola v Ventola,* 112 AD2d 291; *see generally,* 7 NY Jur 2d, Attorneys at Law, § 148).

Furthermore, we are not persuaded by the appellant's alternate argument that the trial court's quantum meruit determination failed to take into account certain services rendered. On balance, considering the firm's generally successful representation of its former client in her divorce action, but also considering that certain superfluous services were rendered and incoming counsel was forced to resume prosecution of at least two matters begun by the outgoing firm, at additional cost and involving a duplication of efforts, we are satisfied that the $49,000 paid by the wife for the appellant's services constitutes a fair and reasonable quantum meruit recovery. Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.