In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v DORIS ELIAS, Appellant. [635 NYS2d 482] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, Doris Elias appeals from a judgment of the Supreme Court, Nassau County (O'Brien, J.), dated July 12, 1993, which, *inter alia,* denied her application and confirmed the award.

lant. [635 NYS2d 236] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, in which a hearing was held to determine fair and reasonable attorneys' fees, Doris Elias appeals from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered November 10, 1993, which, *inter alia,* awarded her former law firm fees in the sum of $21,797.

Ordered that the judgment is affirmed, with costs.

Doris Elias retained the law firm of Seavey, Fingerit, Vogel, Oziel and Skoller (hereinafter Seavey Fingerit) to represent her at an arbitration concerning an underinsured motorist claim. Pursuant to a written retainer agreement, Seavey Fingerit was to receive one-third of any award. Ultimately, the arbitration resulted in an award to Elias in the amount of $65,000 *(see, Matter of State Farm Mut. Auto. Ins. Co. v Elias,* 221 AD2d 547 [decided herewith]). However, before the award was confirmed, differences arose between the parties which resulted in the termination of Seavey Fingerit's representation of Elias and the selection of substitute counsel. Indeed, the arbitration award was confirmed while Elias was being represented by new counsel. After a two-day hearing to determine the fair and reasonable value of Seavey Fingerit's services, at which Elias raised a variety of arguments for the reduction or denial of a fee, the court awarded Seavey Fingerit the amount of $21,797. We now affirm.

When counsel is discharged or substituted for without cause prior to the completion of representation, counsel is entitled to compensation in quantum meruit, whether that amount is more or less than the agreed-upon fee *(see, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454; *Ashker v International Bus. Mach. Corp.,* 201 AD2d 765; *Hovanec Bldrs. & Developers Corp. v Hines,* 173 AD2d 951; *Wald v Wald,* 170 AD2d 669; *Theroux v Theroux,* 145 AD2d 625). Here, we agree with the hearing court's implicit finding that the substitution was without cause and find, based on the evidence adduced at the hearing, that the amount awarded represented a fair and reasonable recovery in quantum meruit. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.