■ Brian Wornow, Appellant, v Register.Com, Inc., Respondent, et al., Defendants. [778 NYS2d 25]—

Orders, Supreme Court, New York County (Charles Edward Ramos, J.), entered April 17, 2003 and on or about February 24, 2004, which, in a putative class action arising out of defendant Internet domain name registrar's automatic renewal of plaintiff's domain names registrations, insofar as appealed from as limited by the briefs, granted defendant's motion pursuant to CPLR 3211 (a) (1) and (7) dismissing plaintiff's causes of action for a declaration that such renewals violated General Obligations Law § 5-903, damages and injunctive relief under General Business Law § 349, and damages for breach of contract, breach of the covenant of good faith and fair dealing and conversion, unanimously affirmed, without costs.

We are in accord with authorities holding that a domain name

that is not trademarked or patented is not personal property, but rather a contract right that cannot exist separate and apart from the services performed by a registrar such as defendant (*see Network Solutions, Inc. v Umbro Intl., Inc.*, 259 Va 759, 770, 529 SE2d 80, 86 [2000], citing *Dorer v Arel*, 60 F Supp 2d 558, 561 [1999]; *Lockheed Martin Corp. v Network Solutions*, 194 F3d 980, 984-985 [1999]). Accordingly, General Obligations Law § 5-903, which makes automatic renewal provisions unenforceable except upon conditions admittedly not met here, is inapplicable (*see Donald Rubin, Inc. v Schwartz*, 160 AD2d 53, 56-58 [1990]; *Prial v Supreme Ct. Uniformed Officers Assn.*, 91 Misc 2d 115, 117 [1977]). Inasmuch as plaintiff argues that section 5-903 was part of the parties' agreement as a matter of law, and that his cause of action for breach of contract therefore stands or falls with his cause of action for a declaratory judgment, we deem the cause of action for declaratory judgment to be unnecessary, and decline to make a declaration.

Nor does plaintiff state a cause of action for deceptive trade practices. Based on the complaint, documentary evidence and plaintiff's concessions in opposing defendant's motion to dismiss, it appears that the parties entered into an agreement for the registration of domain names submitted by plaintiff to defendant; that the agreement could be unilaterally modified by defendant and unilaterally canceled by plaintiff once notified of any such modification; that all notices required by the agreement could be given by e-mail; and that plaintiff was required to keep his e-mail address with defendant up to date, but failed to do so. It further appears that defendant modified the agreement so as to provide for automatic renewal of domain name registrations for a one-year period; notified plaintiff by e-mail of each expiring registration and of his right to cancel the agreement; and also notified plaintiff by e-mail of each completed renewal and of his right to revoke it by contacting defendant via its toll-free telephone number or by a hyperlink that would automatically credit the charge to plaintiff's credit card. Plaintiff asserts that he never received these e-mails, but, so far as appears, that was only because he failed to update his e-mail address with defendant, as required by the agreement. We perceive nothing deceptive in defendant's use of e-mail to give notice of modification of an agreement that expressly permitted notice by e-mail.

The conversion cause of action was properly dismissed on the ground that the $34.99 per renewal charged to plaintiff's credit card is not specifically identifiable (*cf. Republic of Haiti v Duvalier*, 211 AD2d 379, 384-386 [1995]). We note that plaintiff's

cause of action for money had and received survived the motion to dismiss and is pending. The cause of action for breach of the covenant of good faith and fair dealing implied in the parties' agreement was properly dismissed on the ground that plaintiff received the full benefit of that agreement, namely, the registration of his domain names (*see Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce*, 265 AD2d 513, 514 [1999]). Concur—Nardelli, J.P., Saxe, Sullivan, Marlow and Catterson, JJ.