MOBILE DIAGNOSTIC TESTING SERVICES, INC., Respondent, v TLC HEALTH CARE NETWORK, as Successor in Interest to Lakeshore Health Care Center, Appellant. [796 NYS2d 824]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered July 12, 2004. The order denied defendant's motion for summary judgment dismissing the amended complaint and granted plaintiff's cross motion for partial summary judgment on liability in a breach of contract action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this breach of contract action against defendant, TLC Health Care Network, as successor in interest to Lakeshore Health Care Center (Hospital), after the Hospital terminated a contract between plaintiff and the Hospital that included an automatic renewal provision. Pursuant to the contract, plaintiff was to administer "M-Mode, two-dimensional cardiac doppler echocardiograms" to Hospital patients and was to "provide all testing equipment, including transport of such equipment to and from the Hospital, set up and dismantling, necessary to administer" the echocardiograms. It is undisputed that the Hospital did not provide plaintiff with written notice of termination of the contract 90 days before the contractual term expired. Plaintiff alleged in its amended complaint that, pursuant to the terms of the contract, the contract was automatically renewed for a one-year period and that the Hospital breached the contract by terminating the contract before the expiration of the one-year renewal. The Hospital moved for summary judgment dismissing the amended complaint based on plaintiff's failure to comply with the written notice requirement of General Obligations Law § 5-903, and plaintiff cross-moved for partial summary judgment on liability.

Contrary to the Hospital's contention, Supreme Court properly denied the motion and granted the cross motion. When a person or entity provides "service, maintenance or repair to or for any real or personal property" pursuant to a contract that contains an automatic renewal clause (General Obligations Law § 5-903 [2]), "the party receiving the service must be given timely written notice calling his [or her] attention to the existence of the renewal provision in the contract" (*Prial v Supreme Ct. Uniformed Officers Assn.*, 91 Misc 2d 115, 117 [1977]). Section 5-903 of the General Obligations Law "was enacted to protect small businessmen who unwittingly find themselves 'married' to self-renewing maintenance or service-type contracts" (*id.*). We agree with the court that section 5-903 does not apply to the contract herein because the primary purpose of the contract was for the administering of echocardiograms to patients, not "for service, maintenance or repair to or for any real or personal property" (§ 5-903 [2]). Thus, it cannot be said that this is the type of contract that was within the contemplation of the Legislature when it enacted the statute (*see Donald Rubin, Inc. v Schwartz*, 160 AD2d 53, 58 [1990]). Present— Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.