■ ALAN M. GOLDSTON, as Assignee of GOLDSTON & SCHWAB, LLP, Respondent-Appellant, v BANDWIDTH TECHNOLOGY CORP. et al., Appellants-Respondents. [820 NYS2d 883]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered October 7, 2005, which denied defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion for summary judgment dismissing defendants'

second and sixth affirmative defenses, unanimously affirmed, without costs.

Among the numerous issues of fact precluding summary judgment are whether the contract was a "general retainer" (*Atkins & O'Brien v ISS Intl. Serv. Sys.*, 252 AD2d 446, 448 [1998]; *cf. Matter of Cooperman*, 83 NY2d 465, 476 [1994]) and thus exempt from the rule limiting attorneys to recovery in quantum meruit (*Greenberg v Remick & Co.*, 230 NY 70 [1920]; *Ehrlich v Rebco Ins. Exch.*, 198 AD2d 58 [1993]), whether plaintiff's firm substantially performed the contract, and whether defendants waived any objection to the replacement of plaintiff's firm by plaintiff personally, after his partner had withdrawn from the firm. In view of record evidence showing that corporate formalities were dispensed with in the management of defendant closely held start-up corporations, an issue of fact is also raised as to whether Bandwidth Technology's president had authority to enter into a contract providing for the compensation of plaintiff with company stock (*see Leslie, Semple & Garrison v Gavit & Co.*, 81 AD2d 950, 951 [1981]; *Palmerton v Envirogas, Inc.*, 80 AD2d 996, 997 [1981]; *see also Matter of Bahar v Schwartzreich*, 204 AD2d 441 [1994]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Andrias, J.P., Saxe, Sullivan, Williams and McGuire, JJ.

Leave to appeal to the Court of Appeals denied; clarification granted, and the decision and order of this Court entered on June 20, 2006 (30 AD3d 280 [2006]) recalled and vacated and a new decision and order substituted therefor.