RIEHL v. LEVY.

(Supreme Court, Appellate Term. February 4, 1904.)

1. APPEAL FROM MUNICIPAL COURT—REVIEW.

On an appeal by defendant from a judgment in a municipal court its validity will be determined according to the facts, though defendant made no motion to dismiss the complaint.

2. ATTORNEY AND CLIENT—PREPAYMENT FOR SERVICES—ABANDONMENT OF SUIT —RIGHT TO RECOVER FEES.

A client who employed an attorney to prosecute an action and paid him in advance for his services cannot recover the money so paid on electing to abandon the action, the attorney being ready and willing to carry on the case, though the abandonment was induced by his admitting that he did not know whether the suit would be successful or not.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Maggie Riehl against Leon Levy. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Leon Levy, in pro. per.

Rosalie Loew Whitney (Sidney L. Josephthal, of counsel), for respondent.

GILDERSLEEVE, J. The pleadings are oral. The complaint is "wrongful detention, money had and received." The answer is a "general denial." The facts appear to be substantially as follows: The plaintiff desired to bring an action for slander against one Ernest Smith. The defendant is a lawyer, and plaintiff called at his office, and gave him, as defendant swears, the following written retainer, viz.: "I hereby retain Leon Levy to begin proceedings for malicious slander against Ernest Smith. [Sd.] Mrs. Maggie Riehl." It is true she swears that she never signed this retainer, but she admits that she did retain defendant to bring the action against Smith. Upon the same day she paid defendant $10, and received the following receipt: "Received from Mrs. Maggie Riehl the sum of ten dollars, on account of agreed counsel fee. Balance $90. Leon Levy." Defendant swears and plaintiff admits that he told her the case would be a difficult one, and that he would charge her $100. Later, but on the same day, she brought him $90, and he gave her a further receipt as follows: "Received payment in full for services. Leon Levy." It is therefore established that the $100 were paid, in advance, for services to be rendered in the action against Ernest Smith. The plaintiff desired to have said Smith arrested, and defendant prepared the papers to obtain an order of arrest, and told plaintiff to bring two sureties to go on the undertaking on arrest. The plaintiff thereupon changed her mind, and decided to abandon the case. She claims that she paid the $100 because defendant said "it was a sure thing"—i. e., that she would succeed, and that he would "bring Smith to his knees"—but that afterwards, getting the $100, defendant admitted he did not know whether she would be successful or not. The defendant denies that he made any such promises; but, even if he did, a claim of false pretenses can hardly be based thereon, as the alleged words were evidently a mere expression of opinion on the part of defendant, which might or might not prove correct. Upon deciding to abandon the case, the plaintiff told defendant she would allow him $10 for his services already performed, and demanded back the remaining $90. The defendant refused to pay her back a cent, and declared that he was ready and willing to go on with the action against Smith if the plaintiff would allow him to do so. The summons in said action does not appear to have been served on Smith, but it is conceded that defendant had already performed some services in preparing the papers for the proposed order of arrest, as aforesaid, and in consulting with plaintiff, as we have already stated. The plaintiff brought this action to recover the said sum of $100 so paid to the defendant. At the end of the trial the justice said to de-

fendant, "Suppose you give her back ninety dollars?" The defendant replied, "I would not give her a cent back." Thereupon the justice gave judgment for the plaintiff in the sum of $100. Defendant appeals.

The defendant made no motion to dismiss the complaint, but, as this appeal is from a judgment of the Municipal Court, we will determine the validity of the judgment according to the facts, without regard to such omission on the part of the defendant. We think the judgment was erroneous. The plaintiff's contract with defendant was that the former was to pay the latter $100, in return for which the latter was to prosecute the action against Smith. The plaintiff has paid the $100, and the defendant has already rendered all the services he could in said action, and stood ready and willing to carry out his part of the agreement to the end; but the plaintiff would not let him do so. The plaintiff should not be allowed to profit by such action on her part to the detriment of the defendant, especially as no sufficient reason for her abandonment of the Smith case appears to have been given.

The judgment is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.