(45 Misc. 425)

## RIEHL v. LEVY.

(Supreme Court, Appellate Term. November 10, 1904.)

1. ATTORNEY AND CLIENT—PAYMENT FOR SERVICES—ABANDONMENT OF SUIT—
   RECOVERY OF FEES.
   Plaintiff retained defendant by written agreement to begin proceedings for slander against S., and paid defendant $100 in advance. Plaintiff thereafter abandoned such prosecution, and, though there was an issue between the parties as to whether the proceeding contemplated was a criminal proceeding, as plaintiff claimed, or a civil action, there was no evidence that defendant ever refused to prosecute either, that plaintiff ever called on defendant to do so, or that plaintiff suffered through any fraud on defendant's part. *Held*, that plaintiff was not entitled to recover the money paid on such retainer.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Maggie Riehl against Leon Levy. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Leon Levy, in pro. per.
Rosalie Loew Whitney, for respondent.

PER CURIAM. This case has been before this court upon an appeal from a judgment rendered in favor of plaintiff in a former trial. 43 Misc. Rep. 59, 86 N. Y. Supp. 464. The plaintiff upon

the first trial complained for "wrongful detention, money had and received." Upon the present trial the plaintiff's counsel, upon being asked upon what cause of action he desired to go to the jury, said, "Wrongful detention of property in consequence of fraud, whereby plaintiff rescinds her contract; * * * fraud and wrongful detention of property." It appears by this, and also from the testimony given, that the plaintiff has substantially changed her cause of action from that upon the former trial. Upon that trial no pretense was made but that the defendant had been employed by the plaintiff to begin an action for slander against one Smith; that plaintiff paid defendant the sum of $100 for services to be rendered in such action; that she desired to have Smith arrested, and that defendant prepared papers with that object in view, and told plaintiff to procure two sureties to go upon the undertaking to be given; that subsequently plaintiff changed her mind, and decided to abandon the case. Upon this trial the plaintiff's husband testified that the defendant stated that he would "take the man back to the same court—the police court." The plaintiff gave substantially the same testimony in this as upon the former trial, and her husband's statement, above quoted, is wholly uncorroborated. Upon the examination of the defendant it was shown that the defendant was retained by the plaintiff in writing, and the following appears from the record:

"A. The body is written by me, and the name directly thereunder is that of the plaintiff, Mrs. Maggie Riehl. Q. Did you see her sign that paper? A. I saw her sign that paper. Defendant's Counsel: I now offer it in evidence. Plaintiff's Counsel: Objected to for this reason: It is the gist of our action that we did hire—employ—the defendant to proceed with an action for the plaintiff. We admit that— The Court: With the action in the police court, isn't that it? Defendant's Counsel: I must object, and have it put upon the record that your honor is interjecting a new issue, and that remark tended to interject a new issue. (Objection overruled. Exception.) The Court: Your contention is that you employed this defendant for the purpose of commencing a proceeding in the police court? Plaintiff's Counsel: Exactly. The Court: And not for the purpose of commencing an action for damages. Plaintiff's Counsel: Exactly, and that this retainer does not show anything tending to vary this contention, and therefore it is entirely immaterial. The Court: I will receive it for what it is worth. The jury will say, after looking at the paper, whether it is a retainer to commence an action in the police court or to commence an action for damages."

Upon this theory, practically suggested by the court, the case was allowed to go to the jury, the judge charging as follows:

"Gentlemen of the jury, Mr. Levy was retained by the plaintiff in this action, and the question for you to decide is, was he retained to commence criminal proceedings, or was he retained for the purpose of commencing a civil action against this man whom the plaintiff believed she had a grievance against? Her contention is that after she had left the police court she went into Levy's office; that she was angry and humiliated by reason of the fact that the defendant in the police court had been discharged; that she wanted something done to him, and therefore went into Levy's office, and told him about the situation; and that he then said to her, 'All right, I will have this man on his knees to you, and it will only cost you $100.' Mr. Levy has presented in evidence a written retainer, which recites that he was retained to begin proceedings for malicious slander against Ernest Smith. That retainer might be a retainer to begin proceedings criminally for malicious slander, and it is for you to say from the evidence that has been

presented to you to-day whether or not the defendant was employed to commence proceedings in a police court for the purpose of making this man go on his knees, as Levy expressed it, or whether he was retained to commence proceedings in a civil court to obtain money compensation for the use of the words that Smith was alleged to have uttered against Mrs. Riehl. If you believe that Levy was retained to commence an action for damages, and that the story that he told you on the stand is true, in reference to the statement he made to the plaintiff about the bond she was required to furnish, and the other incidents of the conversation, then, of course, the defendant is entitled to a verdict, because then there would be no question but that he was employed to commence civil proceedings, and stated to her that she would be required to furnish a bond of $500, and it would cost her one hundred dollars to commence such proceedings. If, however, you believe that he was employed to commence proceedings in a police court and that the one hundred dollars which he received from this plaintiff was paid to him for such purpose only, your verdict must be in favor of the plaintiff, because the defendant does not even pretend that he attempted to commence proceedings in a police court. On the contrary, he admits that he did not. His sole contention is that he was not employed to go to the police court, but that he was employed to sue this man. If you find for the plaintiff, your verdict must be less than the amount sued for. She sues for one hundred dollars, but has admitted that Levy had earned compensation to the extent of ten dollars; that she was willing to pay him ten dollars for his trouble. In case you find for the plaintiff, your verdict will be for the sum of ninety dollars."

This charge was excepted to by defendant's counsel, as was also this expression of the court:

"The Court: The plaintiff has testified that she employed Levy to commence the proceedings in the police court against this man, and she said distinctly that she did not employ him to sue the man Smith. Defendant's Counsel: I except to that part of your honor's charge. Does your honor overrule it? The Court: Yes, note an exception to the charge. I cannot overrule the exception."

A careful examination of the record does not disclose that the plaintiff testified as is stated by the court. Moreover, there is not the slightest evidence that the plaintiff suffered through or by reason of any fraudulent representations or practices on the part of the defendant. The written retainer which upon this trial is conceded to have been signed by the plaintiff, although strenuously denied by her upon the former trial, admits of but one reasonable construction, and such construction, together with the explicit and positive denial of the defendant that he was employed to begin proceedings in a police court, but was so employed to begin an action in the city court for slander, clearly outweighs the indefinite and uncertain statement of plaintiff's husband, before referred to. Neither is it made to appear, even if we assume that the defendant promised to proceed against Smith in the police court, that the defendant ever refused to do so, or that plaintiff ever called upon defendant to do so. The following portion of the opinion, given for this court by Mr. Justice Gildersleeve, aptly applies to this appeal:

"The plaintiff's contention with the defendant was that the former was to pay the latter $100, in return for which the latter was to prosecute an action against Smith. The plaintiff has paid the $100, and the defendant has already rendered all the services he could in said action, and stood ready and willing to carry out his part of the agreement to the end, but the plain-

tiff would not let him do so. The plaintiff should not be allowed to profit by such action on her part to the detriment of the defendant, especially as no sufficient reason for her abandonment of the Smith case appears to have been given."

The testimony given on the part of the plaintiff wholly fails to make out any cause of action against the defendant, and the complaint should have been dismissed upon defendant's motion made therefor, both at the close of the plaintiff's case and again at the close of the whole case.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

<hr>

