■  REUBEN E. GROSS, Appellant, v. LUCIO RUSSO, Respondent.— In an action by an attorney to recover fees for his services as such, plaintiff appeals from two orders of the Supreme Court, Kings County, dated January 29, 1974 and February 27, 1974, respectively, and entered in Richmond County, (1) the first granting defendant's motion to dismiss the second cause of action in the complaint and (2) the second denying plaintiff's motion to resettle said first order. Order dated February 27, 1974 affirmed. Order dated January 29, 1974 reversed and defendant's motion denied. Plaintiff is awarded one bill of $20 costs and disbursements to cover both appeals. Although the retainer agreement in dispute contains unfortunate language, denominating as "liquidated damages" a sum of $25,000 to be paid the plaintiff attorney in the event the defendant client were to discontinue a certain action without said attorney's consent, it should not have been held unconscionable and violative of public policy as a matter of law. The complaint alleges that at the time of execution of the retainer agreement, plaintiff had already "rendered substantial services to defendant and the parties were able to estimate prospective services". However, since the agreement also included confirmation of a 50% contingent fee, it cannot be held, as a matter of law, that the provision for a $25,000 payment on discontinuance of the above-mentioned action included a substantial penalty for services that were never rendered. The agreement was apparently intended to safeguard the attorney against any "settlement" which would deprive him of just compensation for services rendered. Under the agreement the client could terminate the lawsuit and raise the factual defense of unconscionability. We express no opinion as to the reasonableness of the agreement, but merely note that a full exploration of all the facts and circumstances, including the intent of the parties and whether the fee demanded is out of proportion to the value of the attorney's services, is necessary before a determination of unconscionability may be made. A full trial of the issues has been the practice in prior cases and that procedure should be followed here (see *Ward* v. *Orsini,* 243 N. Y. 123; *Morehouse* v. *Brooklyn Heights R. R. Co.,* 185 N. Y. 520; *Fellner* v. *Zuckerberg,* 202 Misc. 611, revg. 202 Misc. 122). Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur. [76 Misc 2d 441.]