Parness, J.
(dissenting). I do not agree that, absent patent unconscionability, a nonrefundable retainer agreement freely arrived at between an attorney and client is violative of public policy or the Code of Professional Responsibility.
The few cases in this department with any relevancy to this issue hold otherwise (Fellner v Zuckerberg, 202 Misc 611; Riehl v Levy, 43 Misc 59; Gross v Russo, 47 AD2d 655).
The other cases cited by the majority are clearly inapplicable as they deal with the accident case contingent fee retainer and not with cases wherein a client has paid a retainer.
Even Martin v Camp (219 NY 170,176), characterized by the majority as “landmark”, recognized the distinction between actions by discharged attorneys to recover on contingent fee retainers and actions concerning retaining agreements — particularly where the attorney entering into such a contract has changed his position or incurred expense.
The court in Greenberg v Remick & Co. (230 NY 70, 72) further qualified its holding in Martin (supra) stating:
“[i]t was not therein decided that a contract cannot be made between an attorney and client that is enforcible against the client.
“The compensation of an attorney or counselor for his services is governed by agreement express or implied which is not restrained by law. (Judiciary Law [Cons. *868 Laws, ch. 30], § 474.) The rules of the old common law and of the civil law relating to the employment of an attorney at law and as to his compensation were never adopted in this state. (Adams v. Stevens & Cagger, 26 Wend. 451.)”
The court further held (230 NY, at p 75) that a contract’s enforceability will depend on whether the particular contract permits discharge without liability.
The facts herein concern a signed retainer agreement which expressly stated, and which the client admittedly read and was aware at the time, that the $2,500 retainer paid was nonrefundable and, as set forth therein, clearly constituted the minimum fee required to be paid in order to obtain defendant as his lawyer. Such retaining fee contracts are not novel but have been and are recognized as legal and enforceable. (7A CJS, Attorney & Client, § 282, p 522.) In sum, the plaintiff was free to accept or decline this proposed fee arrangement. He chose to accept it.
It is not the function of the court to oversee every fee agreement freely arrived at between the parties before the lawyer-client relationship is established. “Unless unreasonable upon its face, the contract, however, like any other contract is presumed to be fair until the contrary appears” (Rodkinson v Haecker, 248 NY 480, 489). Thus, the court’s only concern where fees have been agreed to is whether there was overreaching or the agreement was unconscionable. (Gross v Russo, 47 AD2d 655, supra.) The minimum retaining fee herein of $2,500 to retain a qualified specialist attorney does not in these inflationary times appear excessive or unconscionable as to warrant judicial intervention.
A better perspective on this entire issue is presented in Jacobs v Holston (70 Ohio App 2d 55), a decision of the Ohio Court of Appeals, which specifically concerned a nonrefundable retainer.
In considering the validity of such agreements, that court stated (supra, p 58): “We consider first the retaining fee for $2,500. The word ‘retainer’ may contain different connotations depending on the agreement, see 1 Speiser, Attorney’s Fees, 7, Section 1:4; American Jurisprudence 2d, 168, Attorneys at Law, Section 208; 7A Corpus Juris *869 Secundum, 521, Attorney and Client, Section 282. A retainer may be given to bind the attorney from representing another, to prevent him from taking a fee from the adverse party or for accepting the case”.
In the case before us, the retainer fee was paid for accepting the case. On this aspect, the Ohio court further observed (70 Ohio App 2d, at p 59):
“Although doubtful or ambiguous agreements providing for a retainer are construed in favor of the client, see 1 Speiser, supra, at page 16, Section 1:11, we find that the retainer in this case was a nonrefundable retaining fee for accepting the case.
“The next issue is the fairness of the contract. While cases directly on point do not abound, it is the general rule, referred to in many text authorities, that, prior to employment and the formation of the fiduciary relationship, compensation for services may be fixed by contract; and, in the absence of fraud or overreaching, the contract will be enforced without the attorney showing it is fair and reasonable. See 1 Speiser, supra, at page 26, Section 1:22; 7 American Jurisprudence 2d, 169, Attorneys at Law, Section 210; 6 Ohio Jurisprudence 3d, 694, Attorneys at Law, Section 156.”
The court also considered the impact thereon of the Code of Professional Responsibility. Significantly, it did not conclude such agreements to be per se void. Rather, it permitted court intervention only if the client could prove the unreasonableness or unfairness of a particular agreement specifically stating (supra, p 60): “We hold that a contract made before employment places the burden on the client to establish the defense of the unreasonableness or unfairness. See Speiser, supra, at page 474, Section 18:12; 7A Corpus Juris Secundum 681, Attorney and Client, Section 346. This defense, while available to the defendants, also places upon them the burden of assertion and persuasion concerning the alleged ‘unreasonableness’ of the retaining fee.”
The plaintiff in the instant case upon the record presented has failed to sustain such burden as to the agreement he executed. While the court below touched on other issues in the case, its determination was primarily *870 grounded upon the holding, as does also the majority opinion, that nonrefundable agreements are per se violative of public policy. For the reasons stated, I find such conclusion unwarranted under existing law, and I would reverse.
Dudley, P. J., and Hughes, J., concur; Parness, J., dissents in a separate memorandum.